MARTHA E. TEETER, Respondent, *v.* UNITED LIFE INSUR-
ANCE ASSOCIATION, Appellant.

1. ASSESSMENT LIFE INSURANCE — NON-PAYMENT OF ASSESSMENT.  The placing of the amount of a life insurance assessment in the hands of the company's local examining physician, not representing the company in the matter of receiving assessments, on his undertaking to forward the amount to the company as a matter of accommodation to the insured, is not a payment to the company.

2. ADMISSION BY INSURED THAT POLICY HAS LAPSED — REINSTATEMENT — HEALTH CERTIFICATE.  Where a contract of life insurance provides that the policy shall lapse on a failure to pay assessments, subject to

reinstatement at the option of the company, and the company, upon the receipt of the amount of an assessment, mailed the day after the assessment was payable, writes to the insured that his policy has lapsed, and that, before he can be given credit for the assessment, he should sign and return a health certificate, which is inclosed, and the insured signs and remits the certificate, he thereby recognizes the claim that the policy has lapsed, and consents to its reinstatement and the retention of the assessment on the basis of a reinstated policy.

3. CONTRACTUAL LIMITATION OF DISPUTABLENESS OF POLICY — RUNNING OF LIMITATION UPON REINSTATED POLICY, AGAINST ATTACK UPON STATEMENTS IN REINSTATEMENT HEALTH CERTIFICATE. Where the original contract of life insurance provides that after two years the policy shall be indisputable, and the company has reinstated a lapsed policy, upon receipt from the insured of a certificate of his present health, the limitation begins to run as to the reinstated policy from the date of reinstatement, and after the lapse of two years from that date, with the payment of assessments in the meantime, the company is barred from contesting the reinstated policy on the ground that statements in the certificate made by the insured for the purpose of reinstatement, touching his health, were untrue.

*Teeter* v. *United L. & Acc. Ins. Assn.*, 11 App. Div. 259, affirmed.

(Argued May 4, 1899; decided June 6, 1899.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the third judicial department, entered December 11, 1896, affirming a judgment in favor of plaintiff entered upon a verdict directed by the court.

This action was brought to recover the amount of a policy of life insurance.

The facts, so far as material, are stated in the opinion.

*John T. McDonough* and *Edmund T. Oldham* for appellant. The answer in this case alleged fraud. (*Kley* v. *Healy*, 127 N. Y. 555.) It was not necessary to allege fraud. (*Armour* v. *T. F. Ins. Co.*, 90 N. Y. 455; Philb. on Ins. 537; *Hutcheson* v. *Johnson*, 33 Barb. 392; 2 Johns. Ch. 596; 2 Cow. 129; *Kountze* v. *Kennedy*, 147 N. Y. 124; *Forster* v. *Wilshusen*, 14 Misc. Rep. 520.) It was not necessary to offer in the answer to return benefits. (*Hay* v. *Hay*, 13 Hun, 315; *Winterson* v. *Hitchings*, 9 Misc. Rep. 322.) Either the defendant's exception to the court's refusal to nonsuit was well

taken, or the case should have been sent to the jury. (*Story v. U. L. & A. Ins. Assn.*, 125 N. Y. 761.)

*D. W. Van Hoesen* for respondent. The policy had, by its terms, become indisputable. (*Wright* v. *M. B. L. Assn.*, 118 N. Y. 237.) The defendant's contention that there was no reinstatement because the certificate of good health was untrue is not tenable. (*Patten* v. *U. L. & A. Ins. Assn.*, 70 Hun, 200.) The defense of fraud in procuring the reinstatement was not available to the defendant even though not barred by the contract for a two years' limitation. (*Schiffer* v. *Dietz*, 83 N. Y. 307; *Cobb* v. *Hatfield*, 46 N. Y. 536; *Strong* v. *Strong*, 102 N. Y. 69; *Cohen* v. *Ellis*, 52 Hun, 136; *Gould* v. *C. Nat. Bank*, 86 N. Y. 75; *Myers* v. *King*, 48 Hun, 106; *Kabok* v. *P. M. L. Ins. Co.*, 21 N. Y. S. R. 203; *Spencer* v. *C. M. L. Ins. Assn.*, 3 Misc. Rep. 458.)

PARKER, Ch. J. April 4th, 1887, William W. Teeter, of Ithaca, made application to the defendant for a policy of life insurance, and was on that day examined by the defendant's local examining physician; the day following, the policy was issued and delivered to Teeter, his wife, this plaintiff, being named therein as beneficiary; the provisions thereof that are involved in this review are as follows:

" CONDITIONS.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

" 5th. A failure to comply with the rules of said Association as to payment of assessments shall also render this policy void.

" RULES.

\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*　　\*

" 2nd. Upon the death of any member, the member above insured shall pay, if required, to the Secretary of the Association an assessment of $4.90.

" 3rd. \* \* \* A notice shall be sent announcing each assessment, and the number thereof, to the last post office address given to the Association by each member, and if the assessment is not received within thirty days from the mailing

of said notice, it shall be accepted and taken as sufficient evidence that the party has decided to terminate his connection with the Association, which connection shall thereupon terminate and the party's contract with the Association shall lapse and be void; but for valid reasons (such as failure to receive notice of an assessment) the officers of the Association may reinstate such party, after medical examination and approval, upon payment of assessment arrearages.

"And the said Association does hereby further promise and agree that after two years from the date hereof, the only considerations that shall be binding upon the holder of this policy are that he shall pay the annual dues and assessments at the times and places and in the manner hereinafter stipulated, and that the regulations of the Association as to occupation and employment shall be observed, and that in all other respects, if this policy matures after the expiration of said two years, this policy shall be indisputable."

Teeter continued to pay his assessments promptly until the assessment of July 15th, 1889, which was, by the terms of the policy, payable at the company's office on or before the 14th day of August following. On August 11th Teeter turned over the amount of his assessment to Dr. Baker, the defendant's local examining physician, to be sent with Dr. Baker's assessment; by some oversight Dr. Baker omitted to send the assessment until the 15th day of August, when he mailed a check to the company and advised it that such check was for his own and Teeter's assessments. The company received Dr. Baker's check on the 16th, and instead of promptly returning the money retained it, and on the same day addressed to Teeter a letter acknowledging the receipt of the moneys to pay the assessments, but asserted that Teeter was a delinquent in that the remittance had come two days after it was due, and advised him that before it could give him credit for the assessment, he should sign and return what it termed a health certificate, which it inclosed, on receipt of which it would forward the proper voucher for his remittance. Teeter was away from home at the time this letter reached Ithaca, but upon his

return he promptly signed the health certificate and forwarded it to the defendant. By it he certified that he was then in good health, and that the answers given and representations made in his application for the insurance were substantially true, and were applicable to his then condition, except as to his age. Teeter was then reinstated upon the books of the defendant, and thereafter continued to pay his assessments until his death, which occurred some four years and eight months after the date of his reinstatement. The cause of his death was cancer, and the defendant in this action denies the right of this plaintiff to recover, on the ground that the statements made in the reinstatement certificate as to the condition of Teeter's health were false. Upon the trial of the action it gave evidence tending to support the position taken, and at the close of the testimony requested the court to send the case to the jury to determine whether on and prior to August 26th, 1889, Teeter had any local disease, and specifically whether or not he had prior to that date a cancer. These requests were denied, and the court directed a verdict in favor of the plaintiff.

It is urged, in support of the position taken by the trial court, that the premium of July, 1889, was timely paid, but that if it were not the premium was in fact accepted and retained by the defendant, and, hence, the policy never did lapse, and that in any event the policy became incontestable two years after its reinstatement, which took place on August 29th, 1889. The claim that the premium was timely paid is founded upon the fact that Teeter did pay over the amount of the assessment to the examining physician of the defendant on the 11th day of August, 1889, to be forwarded to the company; and as this was three days before the expiration of the assessment period, it is insisted that the payment to this officer of the defendant was payment to the company. This position is not well taken, for the reason, among others, that the examining physician to whom the money was paid did not represent the company in the matter of receiving assessments, nor is it pretended that Teeter or Dr. Baker thought so; on

the contrary, it is quite apparent from the transaction that, as a matter of accommodation to Teeter, Dr. Baker undertook to transmit Teeter's assessment with his own. His act in receiving the money under those circumstances was not the company's act. Nor does the claim that it should be held that the policy never did lapse because the defendant received and has ever since retained the July assessment, seem to us well grounded. It is true that the assessment was received and retained, but immediately upon its receipt, on the 16th day of August, the defendant, by one of its officers, advised Teeter by letter that the policy had lapsed and that before it could give him credit for the assessment, Teeter should sign and return the health certificate, which was inclosed, and that upon the receipt of such certificate by the company a proper voucher for the remittance would be forwarded. Very shortly afterwards Teeter signed the certificate and sent it on. By this act necessarily he recognized the claim of the defendant that the policy had lapsed, and consented to the reinstatement of the policy and the retention of the assessment by the defendant on the basis of a reinstated policy. The retention of the assessment, therefore, was not under the old policy and in recognition of its continuance, but on the revived policy, which came into existence on the 29th day of August, 1889, by force of the provisions of the old contract, supplemented by Teeter's act of signing and forwarding the health certificate, and the defendant's act in reinstating the insured on the books of the company.

We are thus brought to a consideration of the claim of the plaintiff that the two years' limitation provided for by the contract commenced to run upon the reinstatement of the policy, and, hence, that for a period of more than two years prior to the death of Teeter it constituted a bar to any defense based on the ground that the statements in the reinstatement certificate signed by Teeter were false. Had the original application contained any false statements the defendant would have been prevented by the terms of its contract from setting up their falsity as a defense to this action. (*Wright* v.

*M. B. L. Assn.*, 118 N. Y. 237.)   And it seems to us after an examination of the contract that the defendant had two years after the reinstatement within which to investigate the condition of Teeter's health at the time of the making of the reinstatement certificate, and that after that time the policy became again indisputable.

The contract of insurance consisted of the policy issued to Teeter and his application for insurance, which was by the terms of the policy made a part of the contract.   It provided, as we have seen, in effect that after two years it should be indisputable.  It also provided that for a failure to pay assessments the policy " shall lapse and be void, but for valid reasons the officers of the association may reinstate such party after medical examination and approval upon payment of arrearages."   In effect the contract is that the policy lapses at once upon the failure of the assured to pay the assessments, but at the option of the company, and upon compliance by the assured with the conditions that it may impose, life may be again given to it.   Turning to the facts of this case we find that Teeter, in accordance with a notice received from the defendant, duly made out the reinstatement certificate and forwarded it, and the defendant upon its receipt and on or about the 29th day of August, 1889, reinstated him.   Thereupon the policy of insurance was restored in full vigor as of that date, and by its very terms it was to become incontestable after two years.   Not only for two years, but for more than four years thereafter Teeter paid and the defendant received assessments aggregating in amount $225.00, and the defendant is now barred by the terms of the contract from contesting the policy on the ground that the statements contained in the reinstatement certificate of Teeter touching the state of his health were untrue.   The trial court was, therefore, right in holding that the facts proved by the defendant did not constitute a defense.

The judgment should be affirmed, with costs.

All concur.

Judgment affirmed.