### GREAT WESTERN LIFE INS. CO. v. SNAVELY.

(Circuit Court of Appeals, Ninth Circuit. June 12, 1913.)

No. 2,231.

INSURANCE (§ 400*)—LIFE INSURANCE—CONSTRUCTION AND EFFECT OF INCONTESTABLE CLAUSE—REINSTATEMENT OF POLICY.

A policy of life insurance provided that "this contract is incontestable after one year from date of issue." It also contained a provision that, in case of default on the payment of any premium, it would be reinstated on application and payment of arrears, with evidence of insurability satisfactory to the company. Insurer made default in payment of a premium, and on his application and signing a "certificate of reinstatement and revival" the policy was reinstated. He paid the premiums thereafter until his death, which occurred more than a year after the reinstatement. *Held* that, whether the reinstatement constituted a new contract or a renewal of the old, the terms of the policy were the terms of such contract, and the incontestable clause precluded any defense by the company to an action thereon, on the ground of misrepresentation or false statements in the certificate for reinstatement.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1086; Dec. Dig. § 400.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Error to the District Court of the United States for the District of Montana; George M. Borquin, Judge.

Action at law by Esta M. Snavely against the Great Western Life Insurance Company. Judgment for plaintiff, and defendant brings error. Affirmed.

H. J. Miller and James F. O'Connor, both of Livingston, Mont., for plaintiff in error.

E. M. Niles and Fred L. Gibson, both of Livingston, Mont., for defendant in error.

Before GILBERT and MORROW, Circuit Judges, and WOLVER-TON, District Judge.

WOLVERTON, District Judge. On December 27, 1907, plaintiff in error, in consideration of the sum of $164.70 then paid, and a like sum to be paid in advance for each and every year for 20 years, issued to Arthur G. Snavely a 20-year life policy of insurance for $5,-000, payable in case of his death to Esta M. Snavely, his wife, the defendant in error, as beneficiary. The application for the insurance was made a part of the policy. The contract contained, among other things, the following provisions:

"A grace of 30 days, during which this contract will remain in full force, will be allowed in the payment of all premiums except the first.

"In case of default in the payment of any premium or interest, the company will reinstate the contract at any time, if not previously surrendered for its cash value, upon written application by the insured to the company at its home office with evidence of insurability satisfactory to the company, payment of all premiums that would have been paid in the intervening time if no default had been made, with interest thereon at the rate of 5 per cent. per annum computed from the premium due date, and payment or reinstatement, with interest at like rate, of any indebtedness existing at the time of default.

"This contract is incontestable after one year from date of issue."

The insured defaulted in the second payment, due December 27, 1908, for more than 30 days, and did not pay the same until March 5, 1909; but upon such payment the policy was reinstated by the insurance company. In order to secure the reinstatement, the insured was required to and did sign what is denominated a "Certificate of Health and Revival Contract," and among other things made declaration as follows:

"I hereby declare to and agree with said company that I am now in good health and free from every ailment and complaint; * * * that I have not had any injury, sickness, or ailment of any kind; and that I have not consulted or been prescribed for by any physician or received any medical treatment since the date of my original application on which said policy was issued, except as here stated:

"Operation appendicitis, Sept. 1—08. Off duty two weeks. Entirely recovered.

"And I hereby renew the statements and agreements contained in said original application, and expressly agree that if any answer or statement contained therein, except as modified in this contract, or if any statement made or contained herein, be untrue in any respect, then said policy is and shall continue to be absolutely null and void, and the reinstatement thereof inoperative and of no effect."

As a defense the insurance company set up that the reinstatement of the policy was consented to upon the strength of this certificate, and that the same was false, fraudulent, and untrue, in that the insured was then afflicted with a serious malady, of which he subsequently died. The insured paid the third installment of premium when due, and thereafter, to wit, on July 3, 1910, died.

Trial was proceeded with before a jury; but, when the defendant came to offer proof in support of its defense, it was not allowed to introduce such proof, on the ground that the policy was by its terms rendered incontestable. Whereupon a verdict for plaintiff was directed, and from the judgment entered thereon the defendant predicates error.

It is the contention of counsel for plaintiff in error that the representations made by the insured for a reinstatement of the°policy are in effect warranties, and, the insured having expressly agreed that if such representations were untrue in any respect the policy should remain inoperative, it follows that the reinstatement is nugatory and of no effect; and hence that the company should have been permitted to introduce its proofs showing the falsity of the statements made. This depends wholly upon the operative effect of the clause rendering the policy incontestable after one year.

It will be noted that the insured died more than one year after the policy was reinstated, a fact which renders it unnecessary to inquire whether the reinstated policy became a new contract or merely a revival of the old. In either case, death occurred more than one year after the negotiations were consummated. It can hardly be disputed that the terms of the old contract became the terms of the new or revived contract, call it what you will, so far as applicable to the new conditions; for it is the policy that is reinstated, and it contains the terms which constitute the contract. No new policy is issued, but the old becomes again the contract, and the parties must look to that for its terms and conditions, and to none other. Among others, the incontestable clause remains in the policy, and must be given effect if applicable to the conditions attending the negotiations for reinstatement.

The incontestable clause in the present policy is very general, excepting nothing from its scope, and by the strong current of authority precludes any defense after the expiration of one year on account of false statements, warranted to be true, although they may have been made for a fraudulent purpose. This is true as spoken of the original policy. The grounds for its support are that insurance companies, in order to obtain business, represent that they will issue policies incontestable as to certain matters after a designated period, and individuals negotiate with them on that basis. Furthermore, the clause constitutes in effect a short period of limitation, which it is perfectly competent for the parties to agree upon. While it is true that fraud vitiates all contracts, yet in contracts of the kind, where the beneficiaries are placed at a disadvantage because the dead cannot speak, it is not contrary to public policy for the parties to agree that the company shall be precluded upon the subject after some specified time, reasonable, within which to make investigation. The clause lends stabil-

ity to the contract, and renders life insurance of greater value to the insured and beneficiary. The subject is exhaustively and ably discussed in Massachusetts Life Ass'n v. Robinson, 104 Ga. 256, 30 S. E. 918, 42 L. R. A. 261. See, also, Wright v. M. B. L. Ass'n, 118 N. Y. 237, 23 N. E. 186, 6 L. R. A. 731, 16 Am. St. Rep. 749; Teeter v. United Life Ins. Ass'n, 159 N. Y. 411, 54 N. E. 72; Austin v. Mutual Reserve Fund Life Ass'n (C. C.) 132 Fed. 555; s. c., 142 Fed. 398, 73 C. C. A. 498, 6 L. R. A. (N. S.) 1064; 25 Cyc. 872.

Now, if it be said that the reinstated policy is a new contract, about which we pass no opinion, the incontestable clause must needs speak from the date of the reinstatement. It must do this, or else it is a dead letter in the contract. Further, if the clause precludes the defense of false representation and fraud in the original contract, by a strong parity of reasoning it would preclude a like defense as to the new contract, for both were secured upon the representations of the insured as to his physical fitness, condition of health, etc. But the fraud is charged only as to the later representations. Speaking of a policy containing an incontestable clause, which had been reinstated, the court in Teeter v. United Life Ins. Ass'n, supra, said:

"Thereupon the policy of insurance was restored in full vigor as of that date (the date of the reinstatement), and by its very terms it was to become incontestable after two years."

The two years having elapsed from that date, it was held that the company was barred by the terms of the contract from contesting the policy on the ground that the statements contained in the reinstated certificate of the insured touching the state of his health were untrue. In Pacific Mutual Life Insurance Co. v. Galbraith, 115 Tenn. 471, 91 S. W. 204, 112 Am. St. Rep. 862, where it was held that the revived policy became a new contract, the court, in its preliminary reasoning, said:

"If this be its nature, then it must operate in the future from the date of its reinstatement, and whatever might be its original date, or howsoever long it may have run, yet it would seem, by the force of necessary logic, to follow that the incontestable clause would begin its new life with the date of the new contract."

The reasoning appeals to us as logical and sound, and the conclusion suggested must inevitably follow from the premises. We conclude, therefore, that the District Court committed no error in the present controversy, and its judgment will be affirmed.