## MUTUAL LIFE INS. CO. v. DREEBEN.

District Court, N. D. Texas, Dallas Division.
June 20, 1927.

No. 3158.

**I. Cancellation of instruments ☞13—Insurer in life policy with incontestable clause may maintain suit to cancel for fraud, though it has legal remedy.**

The existence of a legal remedy by way of defense to an action on a life policy having an incontestable clause does not preclude insurer from maintaining a suit in equity to cancel for fraud.

**2. Insurance ☞400—Incontestable clause in life policy held extended as to representations made in application for reinstatement.**

Reinstatement of a life policy after lapse, as permitted by its terms, does not create a new contract, but is a revival of the original contract, and a clause in the policy making it incontestable after two years applies to representations made in the application for reinstatement, for falsity of which insurer may contest the policy within two years after they are made.

In Equity. Suit by the Mutual Life Insurance Company against Octavine L. Dreeben to cancel insurance policy for alleged fraudulent misrepresentations in securing reinstatement after lapse for failure to pay premium. On motion to dismiss. Denied.

Thompson, Knight, Baker & Harris and George S. Wright, all of Dallas, Tex., for the motion.

Locke, Locke, Stroud & Randolph and Albert Sidney Johnson, all of Dallas, Tex., opposed.

ATWELL, District Judge. The spouse of the defendant was insured by the Mutual Life Insurance Company. The insurance was interrupted by failure to pay a premium. The policy contained a reinstatement clause. Among other requisites was the good health of the insured. After the reinstatement the insured died. The policy contained the usual incontestability clause after two years. The beneficiary, the insured's widow, brought a suit upon the policy and later dismissed it. After its dismissal, and a day or two before two years after its reinstatement had run, the company brought this suit to cancel because of alleged false and fraudulent representations in the reinstatement application.

It is argued by the respondent that the insurance company will have, if its contention is true, a complete defense at law if and when she brings a suit upon the policy. She contends that the clause which makes the policy incontestable after two years relates only and solely to the original contract upon which it was issued, and that it does not apply to the reinstatement feature, which she contends is a new contract, and that the company's defense may be urged at any time and is not limited by the two years period. The case of State Mutual Life Insurance Co. v. Rosenberry, 213 S. W. 245, by the Supreme Court of Texas, is cited as authority for this position.

[1] 1. The existence of a legal remedy in the defense of an action at law on the policy, as shown in Cable v. United States Life Insurance Co., 191 U. S. 302, 24 S. Ct. 74, 48 L. Ed. 188, which was approved in American Mills Co. v. American Surety Co., in 260 U. S. 360, 43 S. Ct. 149, 67 L. Ed. 306, does not preclude the insurer, bounden by a contract with an incontestable clause in it, from proceeding at equity to cancel. Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53; Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886; New York Life Ins. Co. v. Renault (D. C.) 11 F.

(2d) 281. The incontestable clause is also recognized as valuable for the beneficiary. Mutual Life Insurance Co., v. Hurni Packing Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

[2] 2. Are false and fraudulent representations, made in an application for reinstatement, subject to the incontestability clause? The Texas case holds that they are not. The reasoning of the opinion in support of that position would be equally applicable to the incontestability of the policy with reference to any fraud or misrepresentation in its inception. The vice in the reasoning, it seems to me, is that a reinstatement gives an added element of uncertainty in the payment of the insurance, and erases from the original contract at least two of its provisions, namely, cash and loan values, and the incontestability after the lapse of a certain period.

The Texas case was also based somewhat upon the Texas statute (Vernon's Ann. Civ. St. 1925, art. 5050), which provides that a policy of insurance shall contain the entire contract between the parties, and since the reinstatement was not in the original policy reconcilement was necessary. It seems to me that a more substantial rule would be to give effect to all of the provisions of the contract between the parties, because there is the same underlying reason for incontestability as to the representations for reinstatement that there is for representations as to the original contract. A party contracts with an insurance company for an incontestable clause. This clause is of value to him. He knows that after two years his beneficiary will get the insurance, if he dies, without going through a contest. If representations made as the basis for reinstatement may be left open to contest for 10 or 20 years, and then be attacked, the insured does not have this satisfaction. This certainly was not the intention of the parties. They evidenced a desire to limit the time within which the company might contest the payment of its obligation.

I do not think that the contract, after reinstatement, is a new contract. That position is mythical. The contract begun a few years before, and nothing that is thereafter done to reinstate it makes it begin as of the date of reinstatement. The right of reinstatement itself is found in the contract. It is the spark that was not extinguished. Reinstatement gave it more life. It gave it additional life. It then lived, wholly, again; that which was almost dead was renewed into full vigor. While the position is not in all degrees satisfactory, it is more satisfactory, I think, if incontestability is read into all representations that the insured makes to the insurer, whether those representations be with reference to a reinstatement or with reference to the original representations that were made when the contract was issued.

This position makes the two years begin to run as to reinstatement representations when they were made. Two years after reinstatement their falseness may not be advantaged by the company. This reading gives the company ample time to make investigation as to what the insured represented. It also gives a settled value to the policy. This reading lends the original stability to the contract. Great Western Life Insurance Co. v. Snavely (C. C. A.) 206 F. 20, 46 L. R. A. (N. S.) 1056; Teeter v. United Life Ins. Association, 159 N. Y. 411, 54 N. E. 72; Joyce on Insurance, p. 6122; McCormack v. Security Mutual Life Ins. Co., 161 App. Div. 33, 146 N. Y. S. 613; Pacific Mutual Life Ins. Co. v. Galbraith, 115 Tenn. 471, 91 S. W. 204, 112 Am. St. Rep. 862.

Having reached this point in our study, it follows, of course, that, two years having nearly elapsed since reinstatement, the insurer was bound to protect itself against the running of that new two years. This it has done by the institution of this suit.

The motion to dismiss is overruled.