## TATUM v. GUARDIAN LIFE INS. CO.
### No. 218.

Circuit Court of Appeals, Second Circuit.

Feb. 4, 1935.

Holm, Whitlock & Scarff, of New York City (Victor E. Whitlock, of New York City, of counsel), for appellant.

House, Holthusen & McCloskey, of New York City (Victor House and Spencer Pinkham, both of New York City, of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge.

The plaintiff, the beneficiary of a "double indemnity" life insurance policy, sued for the full amount, made up, as to one-half, of ordinary life insurance; as to the other, of insurance against death by accident. As a defence to the action for the first half the insurer alleged that the insured had allowed the policy to lapse by default for thirty days in the payment of a premium, due January 5, 1933. That on February 8, 1933, he applied to have the policy reinstated, and for an extension of time within which to pay arrears until March 5, 1933. That this application the insurer approved on February fourteenth, but the insured without paying the premium in full killed himself on March 2, 1933. The relevant clause of the policy read as follows: "If the Insured shall within one year from the date hereof," December 6, 1926, "commit suicide * * * the liability of the Company shall be limited," etc. The policy, as required by statute (section 101, subd. 10, N. Y. Insurance Law), gave the insured three years within which he could reinstate it "upon evidence satis-

factory to the Company * * * as to the insurability of the person upon whose life this policy was issued, (Insured), and upon payment of the arrears of premiums" with interest. The defendant argued that the year within which suicide barred the right should date from the reinstatement, but the judge thought otherwise and gave judgment for the plaintiff on her motion on the pleadings. The defendant appealed.

Were we free to decide the point as res nova, we should say that the reinstatement of a lapsed policy is not a new contract at all, when the insured can revive it merely by satisfying the company of his insurability and by paying the arrears. Those are the conditions upon what by the lapse has become a conditional obligation; but which is still an obligation from which the insurer cannot withdraw at will, being bound to approve if he is in fact satisfied. We should not be disposed therefore to go along with International Ins. Co. v. Mowbray, 22 F. (2d) 952 (C. C. A. 7). As in other similar situations satisfaction is a question of fact, which, once proved, makes the obligation absolute. Goltra v. Weeks, 271 U. S. 536, 46 S. Ct. 613, 70 L. Ed. 1074; Saalfield v. U. S., 246 U. S. 610, 38 S. Ct. 397, 62 L. Ed. 895, Ann. Cas. 1918E, 1; Thompson-Starrett Co. v. La Belle Iron Works, 17 F.(2d) 536 (C. C. A. 2). The insurer's approval is only an admission of satisfaction with which the insured might dispense if the insurer refused it, when in fact satisfied; he might even compel the reissuance of the policy by specific performance. Mutual Life Co. v. Lovejoy, 203 Ala. 452, 456, 83 So. 591 (semble). In that view of course the policy, when reinstated, remains what it was before; its terms cannot be read as though it had its inception at the time of reinstatement; and those cases which allow the insurer to contest the reinstatement for a fraud occurring after the policy has become incontestable, are only instances where the insured has never in fact, fulfilled the prescribed conditions. Though he has procured an admission from the insurer, the fraud in its procurement destroys its evidential force. Cases like Teeter v. United States Life Ins. Ass'n, 159 N. Y. 411, 54 N. E. 72, holding that the reinstated policy again becomes incontestable when the original period has elapsed after reinstatement, may possibly accord with this view; but if so, it must be confessed it is only by a considerable wrench of the language.

However, the great weight of authority is flatly against our analysis of the situation. Wastun v. Lincoln Nat. L. I. Co., 12 F.(2d) 422 (C. C. A. 8); International L. I. Co. v. Mowbray (C. C. A.) 22 F.(2d) 952, supra; Lincoln Nat. L. I. Co. v. Hammer, 41 F.(2d) 12 (C. C. A. 8); N. Y. Life Ins. Co. v. Seymour, 45 F.(2d) 47, 73 A. L. R. 1523 (C. C. A. 6); State Life Ins. Co. v. Spencer, 62 F.(2d) 640 (C. C. A. 5); Broughton v. Equitable L. A. Soc., 71 F.(2d) 821 (C. C. A. 5); Teeter v. United L. I. Ass'n, 159 N. Y. 411, 54 N. E. 72, supra; Pac. Mut. Ins. Co. v. Galbraith, 115 Tenn. 471, 91 S. W. 204, 112 Am. St. Rep. 862. Great Western L. I. Co. v. Snavely, 206 F. 20, 46 L. R. A. (N. S.) 1056 (C. C. A. 9); and McCormack v. Security Mut. L. Ins. Co., 220 N. Y. 447, 458, 116 N. E. 74, treat the question as open. Ætna Life Ins. Co. v. Dunken, 266 U. S. 389, 45 S. Ct. 129, 69 L. Ed. 342, certainly favors our theory, but the situation was very different, and we hesitate to take it as overruling so much authority. Since our view seems to be affirmatively borne out only by Lindsey v. Western M. A. Soc., 84 Iowa, 734, 50 N. W. 29, and Mutual L. I. Co. v. Lovejoy, 203 Ala. 452, 83 So. 591, supra, we feel bound to yield to the preponderant opinion. But although we are therefore to consider the policy as though it had been issued anew on February 14, 1933, it by no means follows that in construing it we must read it as though it spoke throughout from that date. By its very terms the policy is "reinstated"; the parties have thus chosen a word which presupposes, not a new contract, but the revival of an old one. The insured must pay not a single premium, but all arrears; and thereafter only at the old rate, however many years have passed. All benefits—e. g., the surrender and loan value, term and paid-up insurance —go again into force as of the original date; they do not begin anew. Moreover, in the case at bar the defence of suicide was limited to one year from "the date hereof"; that is, the date upon the policy. In several cases the insurer has been held strictly to this when it varied from the date of actual inception. Mutual L. I. Co. v. Hurni Packing Co., 280 F. 18 (C. C. A. 8); Meridian L. I. Co. v. Milan, 172 Ky. 75, 188 S. W. 879, L. R. A. 1917B, 103; Anderson v. Mutual L. I. Co., 164 Cal. 712, 130 P. 726, Ann. Cas. 1914B, 903. Perhaps too the contrast between that phrase in the policy at bar and "the date of issue" in the incontestability clause, may be taken as some indication of a change of intent. Judged textually there-

fore, there is very good reason for holding that the clause speaks from the original date. It is of course true that our interpretation exposes the insurer to a risk which it would otherwise escape. An insured who had let a policy lapse might at any time within three years conceive the notion of getting it reinstated and then killing himself. Nevertheless we are disposed to hold that even on the theory of a new contract, which we should not ourselves have adopted, the reinstated policy is to be referred pro tanto to the date of the original; at least that the insurer who prepared the instrument must bear the doubts, so far as there are any. In the only decisions in which the point has arisen this has been the result. Business Men's Assurance Co. v. Scott, 17 F.(2d) 4 (C. C. A. 8); Mutual L. I. Co. v. Lovejoy, 201 Ala. 337, 78 So. 299, L. R. A. 1918D, 860; Id., 203 Ala. 452, 83 So. 591.

Those cases which allow the insured to prove fraud in procuring the reinstatement though the period of incontestability has passed, do not indeed fall in so easily with the accepted view as with our own. They may nevertheless be made to fit with it. Though the new contract be a reissue of the policy as of the date of the renewal, it would force beyond all reason the meaning of the incontestability clause to say that it barred a fraud which did not even exist when the policy became incontestable. The clause is one of limitation, not a license forever to cheat the insurer; unless construed in that preposterous way it must be an exception to the general principle that the policy as reinstated speaks from its old date. It may be the only exception; at least the suicide clause is not one.

Judgment affirmed.