## WALLACH v. ÆTNA LIFE INS. CO.
### No. 471.

Circuit Court of Appeals, Second Circuit.
July 15, 1935.

James B. Henney, of New York City (Daniel Miner and William S. O'Connor, both of New York City, of counsel), for defendant-appellant.

Sol Deutsch, of New York City (Charles C. Marrin and Charles A. Cohen, both of New York City, of counsel), for plaintiff-appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The plaintiff is the daughter of Aaron Miller, who died on August 17, 1934, and is the beneficiary named in a policy of insurance issued by the defendant insurance company on his life. She brought this action to recover $5,000, the amount of the policy, with interest from the date of her father's death, and obtained a summary judgment therefor on the pleadings in the amount of $5,191.50, from which the defendant has taken this appeal.

It appears from the answer that on November 14, 1930, on the application of Aaron Miller, the defendant issued its policy on the latter's life, payable to the plaintiff in the sum of $10,000, and that, for failure of the quarterly premium due August 14, 1932, the policy lapsed and became void except for such rights of reinstatement as had accrued by reason of payments of premiums theretofore made; that on September 27, 1932, Miller made written application for reinstatement and the policy was reinstated on October 10, 1932; that the application for reinstatement contained statements by the insured, which were untrue, to the effect that he had had no illness since the date of the original policy, that he had consulted no physician since said date, and that he was presently in sound health; likewise that the answers given in the application for the original policy were complete and true. The latter answers were that the insured had not consulted a physician or suffered from any disease of (a) brain or nervous system, (b) heart, blood vessels, or lungs, or (f) any other disease except three days of grippe, whereas prior to the reinstatement he had suffered coronary disease and precordial pain, had been treated for such ailment by Dr. Halberstam, also had been treated during 1929 for neurasthenia with precordial distress by Dr. Moretzsky and for other ailments by the latter physician in 1918 and in 1920; that the defendant relying on these false representations reinstated the policy on October 10, 1932. The answer further alleged that on November 10, 1932, the insured requested the defendant to reduce the policy, thus reinstated, to $5,000 and to rewrite it as of the original date of November 10, 1930; that this was done and the original policy was thereupon surrendered to the defendant; and that the latter accepted the surrender. The policy as reduced and rewritten was on the nonparticipating, cumulative life plan and bore the

same date of issue as the original policy, to wit, November 10, 1930. It continued the same indebtedness to Aetna Life Insurance Company for which the old policy was security, bore the same serial number as that policy, and contained as part of the contract with the insured the original application.

The original policy, as well as the one rewritten, on which this action was brought, had the following clause: "This policy and the application herefor, a copy of which application is attached hereto and made a part hereof, constitute the entire contract between the parties hereto, and it shall be incontestable after it has been in force during the lifetime of the insured for a period of two years from the date of issue except for non-payment of premium."

If the two-year period, after which the policy became incontestable except for nonpayment of premiums, ran for all purposes from November 10, 1930, when the $5,000 policy on which suit is brought bore date, the answer set up no defense and summary judgment was properly granted. The trial court so held relying on Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102, where it was decided that "date of issue" in a clause like the one here meant the date specified in the policy. Accordingly, if more than two years had elapsed since the date that the policy bore, though somewhat less than two years had elapsed since the date when the policy was delivered, the company could not avoid payment on the ground of fraud for the reason that such a defense was barred by express agreement of the parties. While in cases where the "date of issue" differs but a few days from the date of delivery, the interpretation of the Supreme Court in Mutual Ins. Co. v. Hurni Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R 102, is entirely justifiable, yet it is a different matter so to construe a noncontestable clause as wholly to deprive the insurance company of defenses against new frauds perpetrated by the insured.

■ It is well settled that, where a policy of life insurance is reinstated as a result of fraudulent representations, the contestable period starts to run anew. McCormack v. Security Mut. Life Ins. Co., 220 N. Y. 447, 455, 116 N. E. 74; Tatum v. Guardian Life Ins. Co. (C. C. A.) 75 F.(2d) 476, 478; State Life Ins. Co. v. Spencer (C. C. A.) ·62 F.(2d) 640, 644; N. Y. Life Ins. Co. **v.** Seymour (C. C. A.) 45 F.(2d) 47, 48, 73 A. L. R. 1523; Great Western Life Ins. Co. v. Snavely (C. C. A.) 206 F. 20, 22, 23, 46 L. R. A. (N. S.) 1056. Otherwise, as Judge Wolverton said in the last-mentioned decision, the clause would be "a dead letter in the contract." As was said by L. Hand, J., in Tatum v. Guardian Life Ins. Co. (C. C. A.) 75 F.(2d) 476, at page 478: "The clause is one of limitation, not a license forever to cheat the insurer. * * *"

■ The answer in the case at bar alleges that the reinstated policy was obtained by fraud. The new policy on which the present action is brought came into being through the cancellation of that reinstated policy. In other words, the consideration furnished by the insured for the new policy, or a large part of it, consisted of the surrender of the reinstated policy that had been induced by fraud. Accordingly the new policy is subject to the infirmity of its predecessor and when sued on ought to be subject to the same defense as the latter. This is true, even though the new policy is not like a renewal policy issued in compliance with obligations contained in the old one, such as was before the court in Aetna Life Ins. Co. v. Dunken, 266 U. S. 389, 45 S. Ct. 129, 69 L. Ed. 342, but is a new contract. We have no more difficulty in treating the words "date of issue" in the clause relating to incontestability in the new policy as not covering fraudulent representations made to induce the reinstatement of the original policy on which the new policy was founded than in treating them as not covering such representations when made as an inducement to the reinstatement itself. In either case they can properly relate only to representations made to induce the making of the original policy.

Whether the new policy be viewed as a continuation of the original contract or as an entirely independent agreement, it is unreasonable to say that the parties intended to bar frauds inducing the reinstatement. The period of limitation should not begin to run before the time when the policy was reinstated except as to frauds inducing the original policy. Teeter v. United Life Ins. Ass'n, 159 N. Y. 411, 54 N. E. 72; Great Western Life Ins. Co. v. Snavely (C. C. A.) 206 F. 20, 46 L. R. A. (N. S.) 1056; State Life Ins. Co. v. Spencer (C. C. A.) 62 F.(2d) 640, 644; N. Y. Life Ins. Co. v. Seymour (C. C. A.) 45 F.(2d) 47,

48, 49, 73 A. L. R. 1523. The clause rendering the policy incontestable after two years from the "date of issue," in our opinion, covers primarily any fraudulent representations made to induce the issue of the original policy, and not representations made in connection with the reinstatement, whether they be new representations made to induce the reinstatement, or reaffirmations of old ones. It would seem to be equally fraudulent to obtain the reinstatement of a policy either by the making of new or by the reaffirmation of old representations that are false. In other words, the reaffirmation constituted a new fraud. While the old one was barred, the new one, perpetuated through the reaffirmance, would not be.

The judgment for the plaintiff should be reversed, and the case remanded in order that the issues raised by the defendant's answer may be tried and the latter may have an opportunity to establish both the falsity of any new representations made to induce the reinstatement and the falsity of any of the original representations that were reaffirmed.

Judgment reversed.