**AMERICAN BANKERS INSURANCE
COMPANY, Appellant,**

v.

**Philip FARLEY, Appellee.**

No. 16735.

Court of Civil Appeals of Texas.

Fort Worth.

May 20, 1966.

Richey, Sheehy, Teeling & Cureton and Benjamin N. Hamilton, Waco, for appellant.

Peery, Wilson & Jameson and Norman Whitlow, Wichita Falls, for appellee.

## Opinion

RENFRO, Justice.

Suit was brought by Philip Farley against American Bankers Insurance Company to recover, under a policy issued July 30, 1964, expenses incurred in March, 1965 for treatment of cancer. Defendant denied liability under a provision in the policy which excluded benefits where cancer originated prior to the time the policy had been in force for a continuous period of six months.

The cancer originated in mid-February, 1965.

The defendant contended, however, that the policy lapsed for nonpayment of premiums from January 10, 1965, to January 30, 1965, and was reinstated on January 30, 1965.

Plaintiff's claim originated more than six months after the effective date of the policy. The defendant contends, however, a new period of six continuous months must ensue following the date of the reinstatement of the policy.

The trial court found that plaintiff paid every renewal premium from June, 1964 through January, 1965 and even up to the date of the trial; therefore the policy never lapsed and the defendant was mistaken in its contention that the policy had lapsed for nonpayment of premiums.

Judgment was rendered for plaintiff.

Defendant attacks the above findings as being without support in the evidence.

■ The findings are supported by plaintiff's testimony. He testified without equivocation that he paid each and every monthly payment from the date of the policy up to and including the time of trial. On cross-examination he was uncertain as to some specific dates, but did not retreat from his position that all monthly payments had been made as required by the terms of the policy.

Defendant offered its office record cards showing the premium for December, 1964 was not paid; that plaintiff was notified the policy had lapsed and upon receiving an application for reinstatement and check the policy was reinstated.

Plaintiff testified he signed the reinstatement application because the Company had his premium payments.

■ It was within the province of the court to judge the credibility of the witnesses and the weight to be given their testimony, and to resolve conflicts and inconsistencies in the testimony of any one witness as well as the testimony of different witnesses. Austin Fire Ins. Co. v. Adams-Childers Co., 246 S.W. 365 (Tex. Com.App., 1923). The court will look to all the testimony of the witness to determine its legal sufficiency to support the findings of judge or jury that are essential to the case of the prevailing party. Travelers Ins. Co. v. Blazier, 228 S.W.2d 217 (Fort Worth Civ.App., 1950, dism.).

■ The trier of facts may believe only part of the testimony of both plaintiff and defendant and base its conclusions accordingly. 24 Tex.Jur.2d 395, § 725.

■ A finding will be sustained in the appellate court if there is any substantial legal evidence upon which a trier of the facts might base it. Bussan v. Donald, 244 S.W.2d 271 (Fort Worth Civ.App., 1951, ref., n. r. e.); 24 Tex.Jur.2d 420, § 741. Fact findings may embody inferences deducible from the evidence. Dunagan v. Bushey, 152 Tex. 630, 263 S.W.2d 148 (1953); Adams v. Slattery, 295 S.W.2d 859 (1956); Fitz-Gerald v. Hull, 150 Tex. 39, 156 Tex. 433, 237 S.W.2d 256 (1951).

■ The findings of the trial court in a nonjury case are to be interpreted in the light of the pleadings and proof in the case, and so as, if possible, to sustain the judgment rendered. Daniels v. Wight, 249 S.W. 454 (Tex.Com.App.1923); Elder, Dempster & Co. v. Weld-Neville Cotton Co., 231 S.W. 102 (Tex.Com.App., 1921).

■ An appellate court will not disturb the fact findings of the trial court if there is some evidence of probative force to support the same, viewing the evidence in the light most favorable to the successful party and indulging every legitimate conclusion that is favorable to him. Googins v. E. W. Hable & Sons, 237 S.W.2d 705 (Waco Civ.App., 1951, ref., n. r. e.).

Viewed in the light of the foregoing rule, it is our opinion the evidence was sufficient to support the trial court's findings, and, further, the findings were not against the great preponderance of the evidence.

We affirm on the basis of the trial court's findings, only two of which we have mentioned, that the policy had never lapsed for nonpayment of premiums.

■ Even if the policy lapsed and had been reinstated as claimed by defendant, we would affirm on the ground set out in plaintiff's counterpoint, towit: "The trial court correctly entered judgment for appellee, because, even assuming that the policy did lapse, which it conclusively did not, the policy was reinstated and the appellee was reinstated under the same identical policy which covered the losses caused by cancer, to the same extent and exactly as if the policy had never lapsed."

The policy provision to which reference is made provides that upon reinstatement the insurer and the insured "shall have the same rights thereunder as they had under the Policy immediately before the due date of the defaulted premium, subject to any provisions endorsed hereon (on application for reinstatement) or attached hereto in connection with the reinstatement." There were no provisions endorsed on the application for reinstatement in the instant case or attached thereto.

■ In State Mut. Life Ins. Co. v. Rosenberry, 213 S.W. 242 (Tex.Com.App., 1919), it was held: " * * * we think that the better rule and the one that would come nearer doing justice is to regard the contract for reinstatement, not as a new contract of insurance, but as a waiver of the forfeiture, thus restoring the policy and

making it as effective as if no forfeiture had occurred, but reserving the right of the company to avoid the effect of the reinstatement by showing, if it can, that the reinstatement was induced by unfair and fraudulent means." The above rule is cited in 32 Tex.Jur.2d 156, § 80 as the rule in Texas. It is also the majority rule. Tatum v. Guardian Life Ins. Co., 2 Cir., 75 F.2d 476, 98 A.L.R. 341–345. See Business Men's Assurance Co. of America v. Scott, 17 F.2d 4 (Cir.Ct. of App., 8th Cir., 1927); 275 U.S. 531, 48 S.Ct. 28, 72 L.Ed. 410.

Defendant relies strongly upon the holding by the Supreme Court of Arkansas in Mutual Benefit Health & Accident Ass'n v. Moore, 196 Ark. 667, 119 S.W.2d 499 (1938), for its contention that a lapse of the policy before it had run continuously for six months, and a subsequent reinstatement would not have reinstated the policy as insurance against cancer because there was no such insurance till the expiration of the six months' period, and since such insurance did not exist in this case at the time of the lapse it could not be reinstated.

We fail to find any reference in the Mutual Benefit Health & Accident Ass'n case to a provision like unto the provisions regarding reinstatement contained in the instant policy.

In any event, we decline to follow the holding in the Arkansas case.

In Texas the purpose of an insurance contract is to furnish an indemnity against loss, so, the contract should be construed in such way as to effectuate that purpose, rather than in a way which will defeat it. Home Ins. Co., New York v. Springer, 131 S.W.2d 412 (Fort Worth Civ.App., 1939, no writ hist.); Texas Lloyds v. Laird, 209 S.W.2d 937 (Galveston Civ.App., 1948, dism.). It is a settled rule of insurance law that the language of a policy which is susceptible of more than one construction will be interpreted strictly

against the insurer and liberally in favor of the insured. Providence Washington Ins. Co. v. Proffitt, 150 Tex. 207, 239 S.W. 2d 379 (1951).

We affirm the trial court judgment, first, because the policy never lapsed, and, second, even if it did lapse, the reinstatement provision contained in the policy fully protected plaintiff in his loss.

Affirmed.