**Edgar Lee SANDERS, Appellant,**

v.

**Patricia Jean SANDERS, Appellee.**

**No. 496.**

Court of Civil Appeals of Texas, Houston (14th Dist.).

June 23, 1971.

Rehearing Denied July 14, 1971.

George E. Baldry, Jr., Houston, for appellant.

David N. Gray, Minter & Mahon, Houston, for appellee.

SAM D. JOHNSON, Justice.

This is an appeal from an order of the Court of Domestic Relations of Harris County, Texas, denying the appellant's motion to modify and decrease child support payments.

On November 24, 1969, the trial court entered a final judgment of divorce dissolving the bonds of matrimony between the appellant, Edgar Lee Sanders, and the appellee, Patricia Jean Sanders. The decree of divorce awarded the appellee custody of the two minor children and provided that appellant was to pay the sum of $450 per month as child support until the youngest of said minor children reached 18 years of age. The appellant was further ordered to maintain certain insurance policies

which made the minor children beneficiaries, in full force and effect.

On September 3, 1970, the appellant filed a motion to modify and reduce the child support payments based upon a change of conditions. The changed conditions asserted were that the oldest child had attained the age of 18 years on April 3, 1970 and further, that there had been alteration or modification of the financial condition of both parties since the entry of the original decree. The trial court overruled the appellant's motion and he has duly perfected this appeal.

The appellant's first point of error states, "The Court erred in refusing the Plaintiff (Edgar Sanders) to call the opposing party (Patricia Sanders) as an adverse witness and in not allowing Plaintiff to rest his case before the Court ruled, thereby denying the Plaintiff a full hearing and due process of law."

The record would suggest that the trial consumed a limited time (the statement of facts consisting of only 31 pages) and that it was somewhat informal. The plaintiff first called the appellee Mrs. Sanders as an adverse witness. The court then stated, "This is a motion to reduce. Counsel, I am going to let you have your request only after you put on your case, if it should be necessary to get beyond an instructed verdict." Appellant's counsel inquired, "Do you want me to put mine on prior to calling here?" (sic). The court responded, "Put on your case and let him put on his case and then if you wish to call her as an adverse witness, you may call her."

The appellant's attorney then proceeded, without objection or comment, to call and examine the appellant Edgar Sanders. After such examination had been concluded appellee's attorney cross-examined Edgar Sanders and rested his case. Appellant's attorney then addressed the court and offered to make certain proofs which are not relevant to the points of error raised on this appeal. Counsel stated:

Mr. Baldry: "If counsel is through we would like to put on some more things and would like to say on behalf of my client—"

The Court: "Tell me what you want to say."

Mr. Baldry: "We realize that he doesn't have to pay the college or pay the orthodonist that he has been taking care of. But we would like to show that the amount he has to pay is based on two children at that time. There has been a change in circumstances. The amount of $450 per month, regardless of what he does with his money, is excessive for a man to have to pay for one child. His income has increased only about $140 a month, which we will show is a draw, which he will have to pay back and it is not an increase in salary."

"In addition to that, I will show a chain of circumstances, one child attaining the age of 18 since this order was granted, would certainly be an equitable matter as to his paying child support which, of course, this man would do in any event, but the amount is excessive."

After a discussion of these offered proofs and comments of opposing counsel the trial judge denied the appellant's motion to reduce the child support payments by stating:

The Court: "Well, I am going to deny the motion to decrease, and you are instructed that you do not have to pay anything on the orthodonist bills and you don't have to send Susan to college."

The record reflects no effort on the part of appellant's counsel to call the appellee Mrs. Sanders after she had rested her case. It is not entirely clear from the record whether the appellant at any time objected to the trial court's action on this issue. It is certain, however, that the appellant did

not develop by bill of exception or by any indication in the statement of facts what the expected testimony of the witness Mrs. Sanders would have been. It is the duty of a party complaining of exclusion of the testimony of a witness to proffer the expected answers of the witness in the record. Kansas City Fire & Marine Insurance Co. v. Duncan, Tex.Civ.App., 330 S. W.2d 469, no writ hist.; Lucas v. Alsmeyer, Tex.Civ.App., 322 S.W.2d 19, no writ hist.; Bell v. Bradshaw, Tex.Civ.App., 342 S.W.2d 185, no writ hist.; Gass v. Baggerly, Tex.Civ.App., 332 S.W.2d 426, no writ hist.; Rule 372, 373, Texas Rules of Civil Procedure; McCormick & Ray, Evidence, Sec. 30. It cannot be determined whether or not the trial court erred in initially postponing the testimony of the witness Mrs. Sanders because neither the statement of facts nor any bill of exception reflects what the proffered evidence consisted of, or whether it would have been admissible or material. State v. Jamail, Tex.Civ.App., 416 S.W.2d 473, no writ hist.; Kalb v. Norsworthy, Tex.Civ.App., 428 S.W.2d 701, no writ hist.; City of Shamrock v. Hrnciar, Tex.Civ.App., 453 S.W.2d 898, n. r. e.; Smith v. Stegall, Tex.Civ.App., 336 S.W.2d 470, no writ hist. The appellant's first point of error is overruled.

■ The appellant's point of error number two is, "The Court erred in its findings of fact and conclusions of law." Appellant's point of error number three is, "The evidence is insufficient to support the Court's findings." Rule 418, T.R.C.P., provides that a point of error is sufficient if it directs the attention of the court to the errors relied upon. The rule refers to the *particular* error relied upon. Missouri-Kansas-Texas Railroad Co. v. McFerrin, 156 Tex. 69, 291 S.W.2d 931. We believe it to be apparent that appellant's points of error are defective in that they do not direct the court's attention to the particular errors relied upon. We will, however, consider appellant's points on the merit because we are able to determine the matters complained of with some degree of certainty when said points are considered in connection with the statement and arguments thereunder. Cotten v. Republic National Bank of Dallas, Tex.Civ.App., 395 S.W.2d 930, n. r. e.; Moore & Moore Drilling Company v. White, Tex.Civ.App., 345 S.W.2d 550, n. r. e.; Smith v. Davis, Tex.Civ.App., 453 S.W.2d 340, n. r. e.; Green v. Maxwell, Tex.Civ.App., 423 S.W. 2d 384, n. r. e.

■ As we understand appellant's second and third points of error the contention is that the evidence is insufficient to support the findings of fact and conclusions of law and the judgment of the trial court. Where the record on appeal consists of both a statement of facts and findings of fact and conclusions of law, such findings of fact are not conclusive. Hawkins v. Maxfield, Tex.Civ.App., 318 S.W.2d 492, no writ hist; Forbes v. Forbes, Tex.Civ.App., 430 S.W.2d 947, no writ hist. The Court of Civil Appeals will not, however, disturb the trial court's findings if there is any evidence in the record to support said findings. Maddox v. Worsham, Tex.Civ.App., 415 S.W.2d 222, ref., n. r. e. The reviewing court must view the evidence in the light most favorable to the successful party and indulge in every legitimate conclusion that is favorable to him. American Bankers Insurance Company v. Farley, Tex.Civ.App., 403 S.W.2d 545, no writ hist. As will be recalled, this suit was brought to modify and decrease child support payments on the ground of changed conditions. The trial court in its judgment found that there was no such change and denied the appellant's motion. The appellant's second and third points of error must be overruled because there is sufficient evidence in the record to support the findings of fact and conclusions of law and the judgment of the trial court.

The judgment of the trial court is affirmed.