FRANKLIN LIFE INS. CO. *v.* JONES.

(Division B. Jan. 22, 1934. Suggstion of Error Overruled Mar. 5, 1934.)

[152 So. 285. No. 30950.]

**E. M. Livingston,** of Louisville, for appellant.

Rodgers & Prisock, of Louisville, for appellee. .

W. A. Strong, Jr., of Louisville, for appellee.

Ethridge, P. J., delivered the opinion of the court.

On September 4, 1919, Early Wade Jones, appellee, took out a policy of life insurance with the Franklin Life Insurance Company, appellant, which policy, after one

year, was incontestable except for nonpayment of premiums. In 1922 this policy lapsed for nonpayment of premiums, but was reinstated shortly after it lapsed, and shortly thereafter a loan was procured on the policy by the appellee in the sum of fifty-seven dollars. The application for the reinstatement shows that Jones was in good health at that time.

According to the evidence for the appellee, the premiums were paid and the policy was kept in force until February, 1925, when notice was given the insurance company that Early Wade Jones had become totally and permanently disabled, being afflicted with tuberculosis, and an adjuster was sent who took Jones' statement, in writing, on blanks furnished by the insurance company disclosing these facts. Appellee's evidence also showed that the notice was originally given to the state manager of the company at Clarksdale, said notice being duly mailed postage prepaid; that said state manager received the notice, and an adjuster was sent. It was also shown that the state manager send the letter notifying the company of Jones' inability to the home office; that the home office thereupon sent blanks to the state manager, who, in turn, mailed them to Jones to be filled out by him and his physicians and returned to the company.

The appellant, Franklin Life Insurance Company contends that this proof was never filled out and filed as required by the terms of the policy; while the testimony of the appellee and his physicians is to the effect that they made out the proof of loss; and that such proof was sworn to and duly mailed, postage prepaid, to the state manager at Clarksdale, Mississippi. The insurance company contends that this proof was never received.

Under the terms of the policy, payment of premiums was waived in case of the insured becoming permanently and totally disabled; consequently, after the proof of disability was made in 1925, no further premiums were

paid, and in 1932 the insured brought this suit against the company for the cash surrender value of the policy.

To this declaration the general issue was pleaded, and a special plea was filed by the insurance company alleging that on November 2, 1922, the appellee applied for and was granted a loan of fifty-seven dollars, and the insurance policy was assigned to it by the appellee, and that a lien existed on the policy for payment of the loan; that on the date the policy lapsed for nonpayment of the premium the lien against the policy amounted to sixty-four dollars and five cents, and that it now amounts to ninety-four dollars and twenty-nine cents. There was also a special plea filed by the company alleging that, if Jones ever had a cause of action against the company, it arose on April 4, 1925, and that no suit accrued more than six years prior to the filing of this suit, and the same is now barred by section 2292, Code 1930. There was also notice under the plea of general issue that the company would prove on the trial that the policy sued on had lapsed for nonpayment of premiums on March 4, 1925, when there was sixty-four dollars and five cents due and owing on the policy for the loan; that the policy had been assigned as security for the loan; that, after deducting the amount of the loan and interest, the automatic extended insurance provided for in the policy was for a period expiring on August 12, 1928; that no proof of disability of Early W. Jones had been made to the company while the policy was in force, and no demand was made for payment of the cash surrender value of the policy until the filing of this suit.

There was no special plea setting up breach of warranty as to the alleged sound health of the insured at the time the policy was reinstated after it had lapsed, as above set forth.

The jury returned a verdict for the appellee, Early W. Jones, for the cash surrender value of the policy sued

for, less the amount of the loan, from which judgment the insurance company prosecuted this appeal.

We have examined the contention of the appellant, and we think it was a question for the jury, and that there was ample evidence to sustain the contention of the appellee and the judgment rendered in his favor.

The policy was incontestable after one year from its date for any cause except the nonpayment of premiums.

It was contended in the trial that the appellee had filed some sort of claim as a disabled soldier, and the trial court admitted this evidence as affecting the credibility of his evidence.

The policy being incontestable after one year, it was the duty of the insurance company to ascertain within one year whether the statements in the application for reinstatement were true, and to take action if untrue. We think the reinstatement is governed by the same principles as the original application.

We have considered the instructions granted and refused for both parties, and find no reversible error therein.

The judgment of the court below will accordingly be affirmed.

Affirmed.