Argued May 23; affirmed April 19, 1938

# NEW YORK LIFE INSURANCE CO. *v.*
# YAMASAKI ET AL.

(78 P. (2d) 570)

Department 2.

*Goldstein & Galton*, of Portland, for appellants.

*Roland Davis*, of Portland (Huntington, Wilson & Davis, of Portland, on the brief), for respondent.

RAND, J.   This is an appeal by Rinnosuke Yamasaki from a decree of the circuit court for Multnomah county, cancelling a policy of insurance which was issued to him by the New York Life Insurance Company on June 9, 1930. The other two defendants in the suit are the wife and the niece of the insured and they are the persons named as beneficiaries in the policy. The policy provided that, in consideration of the payment of annual premiums thereon, the plaintiff would pay to the insured on June 9, 1955, if then living, the sum of $5,000 and that, if he fails to survive, then upon his death, to the beneficiaries named or to the survivor thereof. The policy also contained a provision that the plaintiff would pay to the insured certain disability benefits in case he should become totally disabled during the life of the policy. The policy was to be incontestable after two years from date of issuance.

On June 9, 1935, the insured defaulted in the payment of the annual premium falling due on that date. The default continued for more than one month and, because thereof, the policy lapsed on July 9, 1935, as provided by the terms of the policy. On July 29, 1935, the insured made written application for the reinstatement of the policy. In his application, he falsely and fraudulently represented to the plaintiff that he was in good health and, in reliance upon his said statement and without knowledge that his representations were

false, the plaintiff reinstated the policy on August 12, 1935. Said representations were as follows:

"1. Are you now, to the best of your knowledge and belief, in the same condition of health as you were when this Policy was issued? (If not, give details.)

Ans. Yes.

2. Within the past two years have you had any illnesses, diseases or bodily injuries or have you consulted or been treated by any physician or physicians? (If so, give full details, including nature, date, and duration of each illness, disease or injury, the name of each physician, and the dates of and reasons for consultation or treatment.)

Ans. No, except sprained ankle July 3, 1935. No fracture. Fully recovered. Dr. Gearey, Westport, Oregon.

3. Has any Company or Insurer, within the past two years, examined you either on, or in anticipation of, an application for life insurance, or for the reinstatement of life insurance, WITHOUT issuing or reinstating such insurance? (If so, give name of each Company or Insurer.)

Ans. No."

The evidence shows, and it is undisputed, that on July 3, 1935, the insured had sustained a very serious injury by being caught in a propeller shaft, resulting in an injury to his foot, ankle, ribs, back, head and groin and that, at the time he made application for reinstatement of the policy, he was under the care of a physician and seriously ill from the effects of the accident.

On July 6, 1935, the insured made application to the State Industrial Accident Commission for compensation for his injuries and was allowed temporary total disability from July 4 to August 12, 1935. It also appears from the evidence that he was treated for his

injuries by Dr. V. S. Gearey on July 4 until August 12, 1935. It also appears from the testimony of Dr. R. E. L. Holt that he was consulted by the insured on July 26, 1935, three days before the application of reinstatement was made and at that time he complained to Doctor Holt that he was suffering pain in his ankle, chest and back and was treated by Doctor Holt on that day and again on July 30 and 31. The evidence further shows that the insured never fully recovered from the effects of the accident he sustained on July 3, 1935, and that, in the following year, his case was reopened by the Industrial Accident Commission and he was paid compensation in considerable sums of money.

On April 24, 1936, the insured filed with the plaintiff a claim for total disability and set up in his claim that his disability had been caused by the accident which he sustained on July 3, 1935. This was the first notice that the plaintiff had ever received of any accident having been sustained by the insured except the spraining of his ankle, from which, in his application, he stated he had entirely recovered on the date when he filed his application.

From the above, and the facts are undisputed, the insured obtained a reinstatement of his policy by false and fraudulent representations knowingly and intentionally made by him to mislead and deceive the plaintiff for the purpose of fraudulently obtaining a reinstatement of the lapsed policy. In his application he had not only falsely represented the seriousness of the accident which he had sustained but the condition of his health, and had falsely concealed the fact that at the time he was under the treatment of Doctor Holt and was suffering great pain from the injury which he had sustained. If these facts had been disclosed, the rein-

statement would not have been granted. After learning of said facts and in April, 1936, the plaintiff rescinded the policy, notified the insured of the action it had taken and tendered to the insured the amount of the premium, with interest, which he had paid after the reinstatement of the policy. The insured refused to accept said tender and thereupon brought an action in the district court for Multnomah county to recover under the policy the disability benefits provided for in the policy, and, within a short time thereafter, the plaintiff brought this suit in the circuit court for Multnomah county, praying for a cancellation of the policy, and, at the end of the trial, a decree was entered cancelling the policy. From this decree, the insured has appealed.

The insured contends that the plaintiff had a plain, speedy and adequate remedy at law in the law action, that it could have set up the fraud and, upon that ground, have defeated the recovery of a judgment in that action.

This is not a case where the insured has died and an action has been brought to recover the amount payable under the policy. In such case, if there was fraud in the procurement of the policy and the policy was not then incontestable, the insurer could set up the fraud and defeat the claim upon establishing fraud. There, all the parties interested would be in court and a judgment in favor of the insurer, although not amounting to a cancellation of the policy, would, because of the fraud and a judgment in favor of the insurer, be tantamount to a cancellation of the policy since no action could be brought thereon thereafter. In this case, however, the insured is alive and not suing to recover the principal sum mentioned in the policy but merely for disability benefits, and a judgment in

favor of the insured would not terminate the policy nor relieve the plaintiff from further liability thereon.

Moreover, in case of the death of the insured, the beneficiaries will be entitled, in the absence of a cancellation of the policy, to sue and recover the amount due under the policy and, since they were not parties to the action in the district court, the judgment, if one had been recovered by the plaintiff in this suit, would, as to them, be *res inter alies acta* and of no effect whatever. Besides, if the insured should merely continue the district court action until after the policy had become incontestable and then dismiss it, the plaintiff would be deprived of all defenses and remedies it now has.

Manifestly, therefore, the remedy which was available to the plaintiff in the action at law in the district court was not full, adequate and complete. It was no remedy at all when compared to the remedy of cancellation. Before a court of equity can be ousted from jurisdiction, because the plaintiff has a plain, speedy and adequate remedy at law, the remedy at law must be practical, efficient and adequate and must be as full a remedy as that which can be obtained in an equity suit. For these reasons, we hold that the plaintiff was entitled to maintain this suit and, as found by the court, was entitled to a cancellation of the policy.

Except as to the jurisdictional question, the law of this case is controlled upon all other points by *The Mutual Life Insurance Co. v. Chandler,* 120 Or. 694 (252 P. 559). In that case, the late Mr. Chief Justice BURNETT discussed the questions involved here and laid down the rule of law applicable to all such questions. It is unnecessary, therefore, to state here what he said in that case.

The decree appealed from is, therefore, affirmed.

BAILEY, KELLY and LUSK, JJ., concur.