**NORTHWESTERN MUT. LIFE INS. CO. v. COHN BROS., Inc.**

**No. 8896.**

Circuit Court of Appeals, Ninth Circuit.

Feb. 21, 1939.

Omar C. Spencer and Philip Chipman, both of Portland, Or. (Carey, Hart, Spencer & McCulloch, of Portland, Or., of counsel), for appellant.

Gunther F. Krause, Gus J. Solomon, and Layton & Boyrie, all of Portland, Or., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a judgment of the district court entered upon a verdict in favor of the appellee in an action brought by the appellee to recover from appellant on a contract of insurance on the life of one Eugene Cohn, of which appellee was named beneficiary.

The insured decedent was president of appellee. The insurance upon his life was taken out by the appellee upon the solicitation of one A. S. Cohn, (no relation of the insured) who was authorized to solicit business for appellant.

Appellant set up as an affirmative defense to the complaint that the insured had given false answers to certain material questions asked him by the medical examiner of appellant, and which questions and answers were made part of the contract of insurance, and that, therefore, the contract had been procured by fraud.

Appellee denied this and alleged that a full disclosure of the facts alleged to have been misrepresented had been made by the insured and that appellant had represented to the insured that the information alleged

to have been suppressed was inconsequential and need not be imparted to the medical examiner, and that appellant, therefore, was estopped from relying upon the alleged false answers.

██ The contract of insurance consisted of the usual combination of the policy and the application of which the portion entitled "Part II of the Application" contained questions and answers concerning the insured's medical history.

In this Part II of the application there was a question, numbered 10, asking whether since birth the insured had suffered any of several diseases about which insured was to "give full particulars, including number of attacks, date, duration and result of each". The question included "any disease of * * * liver". The insured was shown to have had cholecystitis, a disease of the gall bladder. It was testified the gall bladder was regarded by the medical profession as a part of the liver. However, there was also testimony that laymen would not so regard it. The lower judge denied a requested instruction for a verdict for the insurer on the ground of a willful false statement warranting an avoidance of the policy. He left it to the jury to determine the question whether the word "liver" in question 10 included the gall bladder. Since there was an ambiguity in the use of the word "liver" in a question to be answered by a layman, here was no basis for an instruction for a verdict for the insurance company which had prepared the questionnaire.

Another question in Part II was: "15. A. Give below the name and address of every doctor, healer or other practitioner who has examined, prescribed for or treated you, or whom you have consulted in the past five years. Give full particulars. If none, so state." The insured failed to give the names of several physicians he had consulted within the five year period who had disclosed to him the existence of the inflammation of the gall bladder. The appellant claims the failure to answer fully this question 15 also entitled it under the Oregon law to an instructed verdict, and cites Mutual Life Insurance Co. of New York v. Chandler, 120 Or. 694, 252 P. 559, and New York Life Ins. Co. v. Yamasaki, 159 Or. 123, 78 P.2d 570. The refusal so to instruct is assigned as error.

There was evidence that the insured had disclosed to the soliciting agent the names of these physicians when the writing of the policy was first proposed. In neither of the above cases was the question presented of the authority conferred by the Oregon Code on the soliciting agent with reference to disclosure of such an important matter as the names of physicians consulted by the applicant for insurance.

Objection was made to the admission of this evidence of the disclosure of the physicians' names on the ground that the company's agent "did not have authority to inquire into applicant's health, and that discussion with the soliciting agent on that subject would not bind the company and was therefore inadmissible." The objection was overruled and the overruling assigned as error.

A like assignment is made to the judge's instruction to the jury that the agent could receive such information on behalf of the insurance company to which appellant excepted in the following language: "If the Court please, the defendant excepts to the instruction as to the authority of the soliciting agent, for the reason that the evidence shows that he had no authority with respect to the medical examination of the applicant or questions contained therein." The law of Oregon respecting the scope of the agency of the soliciting agent of a life insurance company is stated in the following sections of the Oregon Code (1930):

Section 46-505 provides: "Every life insurance company doing business in this state shall give written notice to the insurance commissioner of the name and residence of, and obtain from him a license for every person appointed by it to act as its agent within this state, which license shall state, in substance, that the company is authorized to do business in this state and that the person named therein is constituted an agent of the company for the transaction of business in this state."

Section 46-515, reads: "When solicitor agent of company.—Any person who shall solicit and procure an application for life insurance shall, in all matters relating to such application for insurance and the policy issued in consequence thereof, be regarded as the agent of the company issuing the policy and not the agent of the insured, and all provisions in the application and policy to the contrary are void and of no effect whatever. (L.1917, ch. 203, § 24n, p. 312; O.L. § 6435.)".

Section 46-505 requires the life insurance company to name an agent "for the transaction of business in this state".

Section 46-515 defines the scope of the authority of the agent so named by providing that the agent so named shall be regarded as the agent of the company "in all matters relating to such application for insurance and the policy issued in consequence thereof," and that "all provisions in the application and policy to the contrary are void and of no effect whatever."

The insurance company contends that though the statute makes the soliciting agent the agent of the company "in all matters relating to such application for insurance and the policy issued in consequence thereof," nevertheless he has no power to receive on behalf of the company the information upon which the application for the insurance may ultimately be accepted or rejected.

■■ We are not impressed with the argument of the insurance company that though the questions and answers concerning the insured's medical history are expressly made "Part II of the Application" they are not part of the "Application" as that word is used in the statute. Appellant contends that the term application has one of several meanings, the narrowest of which means the mere request for the insurance, disassociated from the representations which make possible its acceptance. We regard the representations as essential parts of the application. There is here no ambiguity in the word "application" as used in the policy. If there had been it would have been resolved in favor of the insured. Whether the statute would cover the questions and answers as part of the application if they had not been made so by the contract we need not consider.

■■ We do not agree with the insurance company's contention that the disclosures of medical history made to the company's soliciting agent are not within the phrase of the statute "in all matters relating to such application for insurance * * *". The Company's solicitation through the agent was concerned primarily with the application upon which the insurance would or would not be written. In our opinion the Oregon legislature enacted this statute for the purpose of giving such power to the agent to overcome the great number of cases holding that under the usual policy forms the agent did not have such power. The ingenuity of counsel has offered no other cogent reason for the use of the phrase. We agree with the statement of the Supreme Court, in construing the same Oregon statute, that: "Here the statute does more than provide that the soliciting agent in matters relating to the application and policy does not represent the insured. In connection with those matters it makes him the agent of the company, a phrase which would be meaningless unless the statute when applied to the facts of the case indicated in what respects he represented the company. Here the statute in terms defines the scope of his agency to the extent that he is stated to represent the company 'in all matters relating to such application for insurance and the policy issued in consequence' of it. We need not inquire what are the outer limits of that authority, but we think this language plainly makes him the representative of the company in connection with all those matters which, in the usual course of effecting insurance are incidental to the application and the delivery of the policy." Stipcich v. Metropolitan Life Ins. Co., 277 U.S. 311, 320, 48 S.Ct. 512, 515, 72 L.Ed. 895.

■ We hold it to be the law of Oregon that the statements made by the insured to the company's agent are a part of "all those matters which, in the usual course of effecting insurance, are incidental to the application" and that no error was committed in permitting them to be proved, or in giving to the jury the instruction concerning them.

■ The insurance company also contends that there should be an instructed verdict because of a false statement in an answer in the medical examiner's questionnaire that the insured was in good health at the time of the examination. There was conflicting evidence concerning his health and the court properly left to the jury the question whether there was any conscious misrepresentation.

■ The insurance company also contends here that if the agent be one to consider all matters concerning the health and medical history, certain of the representations made orally by the insured to the agent were but a partial disclosure of his physical condition and that the insured failed to mention any complaint of the gall bladder, though the evidence showed that some years before a physician had advised him that a surgical operation on it was advisable. This suggestion, involving also the materiality of the undisclosed information, in support of the motion for an instructed verdict is not before us. It comes as an after thought for, in stating the grounds of the motion to the court below, no mention is made of any false statements or suppressions of fact ex-

cept such as were contained in answers to the questions put by the medical examiner.

There was no error in refusing to instruct the jury to bring in a verdict for the appellant.

Affirmed.