[File No. 6892]

OSCAR C. JOHNSON, Respondent, v. THE GREAT NORTHERN LIFE INSURANCE COMPANY, a Corporation, and the Occidental Life Insurance Company, a Corporation, Defendants, The Occidental Life Insurance Company, a Corporation, Defendant and Appellant.

(17 NW(2d) 337)

Opinion filed January 23, 1945

*Everett E. Palmer* and *O. B. Herigstad,* for appellant.

*Ivan A. Metzger* (*Eugene A. Burdick* of Counsel) for respondent.

Burke, J. Plaintiff brought this action to recover benefits for total and permanent disability under the provisions of a life insurance policy. In its answer the defendant insurer denied liability and demanded judgment declaring that the plaintiff's insurance had lapsed and that an agreement to reinstate the policy be rescinded. The action was tried by the court without a jury and the trial court resolved the issues in favor of the plaintiff. The defendant, Occidental Life Insurance Company, has appealed and demanded a trial de novo in this court.

The policy in question was issued to the plaintiff on October 30, 1923. By its terms the insurer agreed to pay to the designated beneficiary the sum of $2,000.00 upon receipt of due proof of death of the insured. It also provided: "After one full annual premium shall have been paid upon this contract and before default in the payment of any subsequent premium if the insured shall furnish the Company with due proof that he has since such payment and before having attained the age of 60 become wholly disabled by bodily injuries or disease and will be permanently, continuously and wholly prevented thereby for life in engaging in any occupation or employment for wage or profit, the Company will waive the payment of any future premiums which may fall due on this contract during such disability and the premiums so waived will not be deducted in any settlement of the contract. Beginning six months after receipt of due proof of permanent total disability sustained as aforesaid, the Company will pay to the Insured each month, so long as he shall live and suffer such disability an amount equal to $10.00 for each $1,000.00 of insurance stated upon the first page hereof, such payments to be in addition to all other benefits hereunder provided."

The annual premium upon the policy was $73.94 in which was included the annual premium of $3.30 for disability benefits. Plaintiff paid the annual premiums upon this policy each year up to and including the premium due upon October 30, 1936. By his express direction and according to the terms of the contract the annual dividends accruing to the policy were applied in reduction of the premium and plaintiff paid only the difference between the stated premium and the amount of the dividend. The amount of the dividend available for application upon the premium due October 30, 1937 was $12.60.

In March 1937, while the policy was in full force and effect, plaintiff became disabled with an ailment which was at first diagnosed as rheumatism. Sometime during the Summer of 1937 his trouble was diagnosed as arthritis. We think it a fair interpretation of the record to say that plaintiff has been totally disabled since July or August 1937 and that this disability is permanent in its nature.

In November 1937, plaintiff wrote to the defendant as follows:

"Corinth, N. Dak.
October 28, 1937

"Occidental Life Insurance Co.
Minneapolis, Minnesota
Dear Sirs:

I am unable to pay the premium this year and want to make a loan on my policy of about four hundred and fifty dollars. $450.00. Enough can be deducted from this to pay this year's premium.

Please send me the necessary papers to complete this loan at once as I am badly in need of money.

E–8407                     Yours very truly
                              (signed) Oscar C. Johnson"

The records of the insurer disclose that it received this letter on December 1, 1937. Its receipt was acknowledged on December 4, 1937 when a loan agreement form was forwarded to the plaintiff. Plaintiff executed this agreement on December 10 and returned it to the insurer. On December 24, 1937, the insurer wrote to the plaintiff as follows:

"Our Home Office has informed us that due to the fact that the grace peroid for payment of the October premium expired on Novem-

ber 30 and the recent loan agreement which you completed had not been signed until December 10, it will now be necessary for you to complete a Self-Health Certificate and return it to us for further attention; that is, before they will be able to proceed with completing the desired loan."

The so-called self-health certificate was an application to reinstate the lapsed insurance policy. It was executed by the plaintiff on December 27, 1937 and contained the following representations:

"I hereby represent and state to Occidental Life Insurance Company that since the issuance of said policy, there has been no change in my customary occupation, or deaths in my immediate family from tuberculosis; that no application for insurance or for the reinstatement of insurance on my life has been made without the issuing or reinstating of such insurance; that no application for insurance upon my life is now pending.

I further represent and state that I am now in good health, free from all disease, deformities or ailments, and of temperate habits; that since the issuance of the above described policy I have had no injuries, ailments or illnesses, and have not consulted, or been prescribed for, or attended by, a physician or practitioner for any cause."

Upon receipt of the above certificate the insurer reinstated plaintiff's insurance, completed the loan and forwarded the proceeds thereof, over and above the amount of the past-due premium, to him.

On December 1, 1938, plaintiff filed a claim with the insurer for permanent and total disability benefits in which he stated that his disability had commenced in May 1938. After some intermediate correspondence the insurer finally *rejected* this claim on *March 9, 1939,* saying:

"Further review of our file reveals the fact that on October 30, 1937, your policy lapsed and was placed on Extended Term Insurance in accordance with its own terms. On December 27 you submitted an application for reinstatement of your policy, failing, however, to give any information whatsoever as to your illness, medical treatment and hospital confinement, which information has now been disclosed. Your policy was reinstated upon the basis of your application for reinstatement, which now appears to be erroneous.

Had you disclosed in your application for reinstatement the true

facts with reference to your illness, your policy would, of course, not have been reinstated and it would have remained on Extended Term Insurance as a lapsed policy."

Plaintiff based his right to recover upon his contention that his policy had never lapsed; that it had been continued in force either through the application of dividends to premium payments or by the insurer's agreement to waive premium payments under the disability clause of the policy. Defendant sought a rescission of the contract upon the ground that the reinstatement had been induced by plaintiff's fraud. Plaintiff raised no question as to the effect of the incontestable clause upon defendant's right to seek a rescission of the insurance contract. Nevertheless, that question arises upon the face of the policy and we must give it consideration.

In Rott v. Provident L. Ins. Co. 70 ND 758, 298 NW 17, we held that a reinstated insurance policy was not a new contract but simply the original contract revitalized. This fact, however, does not negative the assumption that in the negotiation leading up to the reinstatement, the parties were mutually obligated to act with honesty and fairness. We have recognized this principle in New York L. Ins. Co. v. Hansen, 71 ND 383, 2 NW(2d) 163, wherein we held that representations of the nature which the statute (§ 6501, N. D. Comp. Laws Rev. Codes 1943, § 26–0225) declares will avoid an insurance contract, will also avoid a reinstatement thereof. Neither the statutes nor the policy under consideration contain any provision to the effect that the incontestable clause in any way limits the right to contest a reinstatement. In such circumstances there seem to be three rules which find support in the authorities. One of these is that an incontestable clause in a policy has no application whatever to a reinstatement and the reinstatement may be contested at any time. Another is that an incontestable clause will prevent a contest of a reinstatement if the time in which the original policy was contestable has expired. The third rule is that the incontestability provision applies to the reinstatement in the same manner as it did to the original issuance of the policy, that is to say; the time within which the reinstatement may be contested is the same period thereafter as that within which the original policy might

have been contested, and the grounds for such contest are limited to those which arise out of the negotiations leading to the reinstatement.

The rule last stated appears to be the majority rule. Appleton, Insurance Law & Practice, § 320. It is also the rule which seems to us to be best founded upon reason. We would reject the rule, first above stated, because, while not contrary to the contract or to express statute, it is contrary to legislative policy fairly to be inferred. This rule rests also upon the conception that the reinstatement is a new contract which is contrary to our holding in Rott v. Provident L. Ins. Co. supra. The second rule, completely eliminates any requirements of good faith in the negotiations for reinstatement and is contrary to our holding in New York L. Ins. Co. v. Hansen, supra.

We therefore adopt the rule last stated and hold that defendant may contest its reinstatement of the instant policy only during the same period of time thereafter as was fixed for contesting the original policy, or upon grounds expressly excluded from the operation of the incontestability provision. The question then is, is fraud, upon which defendant relies in its cross complaint, expressly excluded from the operation of the incontestability provision.

The paragraph of plaintiff's policy which contains the incontestability provision is as follows:

"This contract constitutes the entire contract between the parties and shall be incontestable, from date, except for the nonpayment of premiums and except as otherwise provided in this policy. All statements made by the insured shall in the absence of fraud be deemed representations and not warranties and no such statement shall avoid this policy unless it is contained in a written application and a copy of such application shall be endorsed upon or attached to this policy when issued. If the age of the insured has been understated, the amount payable hereunder shall be such as the premium paid would have purchased at the correct age."

Another paragraph of the policy under the title, "Conditions, Residence, Travel and Occupation" provides:

"There are no restrictions upon travel, residence and occupation after one year from date of issue except military or naval service in time of war, for which permission must be obtained from the Company

and an extra premium at the then established rate, shall be paid. In case of death of the Insured in consequence of such service and without the Company's permit, the liability of the Company hereunder shall be for an amount not greater than the legal reserve on this policy.

During the said year, if the Insured shall engage in the following occupations: blasting, mining, in the manufacture or handling of explosives, in aerial voyages, as lineman or repairer in handling electric light, telephone, telegraph, or street car wires; in employment as switchman in railroad yards or brakeman on freight trains; if the Insured shall die by his own hand whether sane or insane, within one year from date of this policy, this policy shall be void."
There are no other restrictions or limitations upon the insurer's liability contained in the policy and unless these provisions exclude fraud from the operation of the incontestability provision it is not excluded.

"The rule is, generally, that an insurer may raise no defense which is not specifically excepted from the operation of the incontestable clause. Unless from a reading of such clause there is no question whatever that a certain defense was intended to be allowed, it will be considered barred." 1 Appleman, Insurance, p 343. Chinery v. Metropolitan L. Ins. Co. 112 Misc 107, 182 NYS 555; Berkshire L. Ins. Co. v. Weinig, 177 Misc 1064, 32 NYS(2d) 837; Thompson v. Phenix Ins. Co. 136 US 297, 34 L ed 408, 10 S Ct 1019.

There is no reference to fraud in the paragraph of the policy entitled, "Conditions, etc."

The paragraph containing the incontestability provision is word for word the provision contained in the North Dakota Standard Policy (Sec. 6635, Compiled Laws of N. D. 1913). The first sentence of this paragraph states that the policy "shall be incontestable from date except for the nonpayment of premiums and except as otherwise provided in this policy." The second sentence is, "all statements made by the insured shall in the absence of fraud be deemed representations and not warranties and no such statement shall avoid the policy unless it is contained in a written application etc." Is this second sentence an exception to the incontestability provision contained in the first sentence? In the case of Dibble v. Reliance L. Ins. Co. 170 Cal 199, 149 P 171, Ann Cas 1917E 34, the Supreme Court of California had occasion to construe similar provisions. Except for the fact that the pol-

icy under consideration in that case was incontestable after one year from its date, the provisions are almost identical. In its opinion the court said:

"One of the main points in controversy growing out of an action for the recovery of a five thousand life insurance involves the construction of the following provision in the policy: 'Incontestability—This policy and the application therefor, a copy of which is hereto attached, constitute the entire contract between the parties and shall be incontestable after one year from its date except for nonpayment of premiums and except as otherwise provided in this policy. All statements made by the insured in said application shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall avoid the policy unless it is contained in the written application hereof, a copy of which application is hereto attached.' . . . The incontestability provision cannot be reasonably construed, in our opinion, as either expressly or impliedly excepting an action or a defense based on fraud. The entire provision, as we read it, so far as applicable here, is that 'this policy . . . shall be incontestable after one year from its date, except for the nonpayment of premiums and except as otherwise provided in this policy.' The language immediately following upon which appellant relies, while bearing on the question of liability of the insurance company under the policy, obviously has reference to an entirely different matter from that referred to in the preceding sentence."

In Plotner v. Northwestern Nat. L. Ins. Co. 48 ND 295, 183 NW 1000, this court held that a life insurance policy which provided that it was "Incontestable after one year from its date," and also that "all statements made by the insured shall, in the absence of fraud, be deemed representations and not warranties, and no such statement shall void the policy unless it is contained in the written application therefor, a copy of which is attached when issued," was incontestable upon the ground of fraud after the expiration of the incontestable period. While not expressly stated, the effect of this decision is the same as that of Dibble v. Reliance L. Ins. Co. supra, namely that the language with reference to statements made by the insured is not an exception to the incontestability provision.

As to policies which are incontestable after the passage of a fixed pe-

riod of time the law is thus settled in this state. And we can see no valid reason why a different rule should apply to policies which are incontestable from date.

If the language with reference to statements made by the insured is not an exception to the incontestability provision in the first instance it is not in the latter despite the fact that where the policy is incontestable from date this language may have no bearing whatever upon the insurer's liability. To hold otherwise would be to say that an incontestability provision which makes a policy incontestable from date is of much less value than one which makes a policy incontestable after the lapse of a fixed period of time. To illustrate: Where the policy is incontestable after one year from date, fraud would be barred as a defense after one year, but where the policy was incontestable from date fraud would never be barred, except under the general statute of limitations which does not commence to run until the discovery of the fraud.

The provision under consideration is one which the legislature has required shall be incorporated in every life insurance policy and we are certain that in adopting standard provisions the legislature did not intend this result.

This conclusion settles the lawsuit. The policy and likewise the reinstatement are incontestable from date. Fraud is not excepted from the operation of the incontestability provision of plaintiff's policy and is not available to the defendant as a ground for rescission. It is therefore unnecessary for us to consider the other questions raised on this appeal. The judgment of the District Court is accordingly affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and MORRIS, JJ., concur.