ROSEMARY KEAR, an Infant, by JOHN E. KEAR, Her Guardian ad Litem, et al., Respondents, v. PRUDENTIAL INSURANCE COMPANY OF AMERICA, Appellant.

First Department, July 3, 1956.

*Harry N. Schechter* of counsel (*Le Vine & Schechter,* attorneys), for appellant.

*Murray Schwartz* of counsel (*R. E. Burdick* with him on the brief; *M. S. & I. S. Isaacs,* attorneys), for respondents.

*Per Curiam.* In 1942, defendant issued a policy of insurance ($8,500) on the life of Edward Kear. Kear died on July 15, 1951, but defendant refused payment of the policy on the ground that decedent had made material misrepresentations in an application for reinstatement on January 18, 1951.

The policy had lapsed on November 16, 1950, because of decedent's failure to pay the premium which became due on October 16, 1950. In a long-form application for reinstatement (Jan. 18, 1951), decedent represented that since the date of issuance of the policy he had not been ill, had not consulted a physician and had not been treated in a hospital. Concededly, these representations were false, for the decedent prior to the application had been seriously ill, had had medical treatment and had been hospitalized.

Defendant however, accepting decedent's answers in the application as true, reinstated the lapsed policy on January 24, 1951. A subsequent premium became due on April 16, 1951, but was not paid. Accordingly, the policy on May 16, 1951 lapsed for a second time. On May 29, 1951 decedent again applied for reinstatement of the policy. Since this application was made less than 14 days after the lapse, a shorter and different form of application than that used on the first reinstatement was employed. It required the insured merely to state that since the date the last premium became due he had not suffered any change in health or received medical attention. In the absence in the record of any proof to the contrary, we must assume that the statements made in the second application for reinstatement were true.

This appeal is from a judgment in favor of plaintiff beneficiaries rendered after a trial before the court without a jury. The court below held that the defense of misrepresentation was not available to defendant since the only existing contract between the parties was that resulting from the second reinstatement, and, as there was no misrepresentation in connection with that contract plaintiffs were entitled to recover. We disagree with that conclusion and are of the opinion that the misrepresentations which induced the first reinstatement constitutes a good defense to this action.

A policy of life insurance becomes incontestable after it has been in force for two years (Insurance Law, § 155, subd. 1, par. [b]). Where an insured has made misrepresentations in connection with the issuance of a policy, the insurer may therefore at any time short of the two-year period avail itself of a defense based on the fraud. Likewise where a policy has lapsed and is reinstated, the insurer may contest it at any time within two years after the date of reinstatement. The first reinstatement application contained an express condition that, " if any such representations are untrue in whole or in part and are material said Company shall for a period from the date this policy is officially reinstated at the Home Office or Western Home Office of the Company equal to the number of years stated in the clause of the above policy entitled ' Incontestability ' be under no liability by reason of the reinstatement of this policy ". Consequently, when this policy was reinstated on January 18, 1951, such reinstatement being based upon misrepresentations, the company had two years from that date in which to assert the fraud. Decedent died on July 15, 1951, less than two years after the reinstatement so that in the normal course, and had there been no *second* lapse the defense of fraud would unquestionably be available.

It is urged however that the second reinstatement was a new and separate contract, independent of the first reinstatement and therefore not tainted with the fraud attaching to the first; in other words, that the second reinstatement had the effect of wiping out the fraud in the first. We do not concur in that view for it would require us to hold that the first reinstatement was void. Certainly, had decedent lived more than two years after the first reinstatement, plaintiffs would be the last ones to urge that the first reinstatement was void. Clearly, it was not void but merely voidable under the two-year contestability clause. Moreover, the second application was " for reinstatement of the above numbered policy which lapsed because of the

non-payment of the premium due 4/16, 1951 ''. Had the first reinstatement been void, there could have been no policy in existence to lapse at that time. Nor can it be said that the second reinstatement and the first reinstatement are exclusive, each of the other. Had there been no first reinstatement, there never would have been a second. Thus the second reinstatement rests on, and stems from the first. Fraudulent statements induced the first reinstatement and had they not been made, there would have been no first reinstatement and consequently no second. We think therefore that, when the company granted the second application for reinstatement, it had the right to rely upon the truth of the statements made in the first.

Moreover, to hold that the fraud inducing the first reinstatement is not available to defendant would deprive the insurer of its right to contest a policy within the two-year period. Decedent died only 6 months after the first reinstatement, so that the company still had 18 months in which to contest or void the policy for fraud. We do not see how or why it should be deprived of that right. It would be a different matter if the second reinstatement had been made *more* than two years after the first reinstatement, for then the company's two-year right to challenge the policy would have expired.

This case presents an unusual situation. The Trial Justice in finding for plaintiffs felt that the fault was due to defendant's own inadequate procedure — that is, in permitting the second reinstatement to be made on a short form application not calling for full medical information as required in the case of the first reinstatement. We think that the form of the second application is not controlling in view of the first reinstatement application wherein the company was assured by decedent that from the date of issuance of the policy up to the time of the reinstatement application the insured had suffered no ailment requiring medical or hospital attention. The result is unfortunate for plaintiffs but we feel bound to hold that a recovery on the policy is barred by decedent's misrepresentations.

The judgment should be reversed, without costs, and the complaint dismissed.

BOTEIN, J. P., RABIN, COX, FRANK and VALENTE, JJ., concur.

Judgment unanimously reversed, plaintiffs' motion for judgment on the pleadings denied, defendant's motion for judgment on the pleadings granted, and judgment is directed to be entered in favor of the defendant dismissing the complaint herein, without costs.