MARY McCLAIN CHAVIS v. SOUTHERN LIFE INSURANCE COMPANY

No. 8410DC1037

(Filed 3 September 1985)

Insurance § 18— life insurance—misrepresentations in application for reinstatement

Under the terms of a life insurance policy, the incontestability clause was applicable only to the initial application and policy, and once the contestable period had expired while the policy was in effect, a subsequent application for reinstatement of the policy did not trigger a second two-year contestable period. Furthermore, a requirement of "evidence of insurability" was a condition precedent to reinstatement rather than a defense to payment, and the alleged falsity of the insured's statements in his application for reinstatement was not a valid defense to an action to recover under the policy.

APPEAL by plaintiff from *Creech, Judge*. Orders entered 27 January and 11 May 1984 in District Court, WAKE County. Heard in the Court of Appeals 8 May 1985.

*Nicholas J. Dombalis, II, for plaintiff appellant.*

*Poyner, Geraghty, Hartsfield & Townsend, by David W. Long and Susanna K. Gilchrist, for defendant appellee.*

BECTON, Judge.

Plaintiff, Mary McClain Chavis, instituted this action on 14 October 1982 as the beneficiary of a $17,000 life insurance policy issued to her deceased husband, Leotha Jim Chavis, to recover the proceeds after the defendant insurer, Southern Life Insurance Company (Southern Life), denied her claim.

Mr. Chavis died on 25 July 1981 from burns received in a house fire. In its Answer, filed 21 December 1982, Southern Life raised the defense that Mr. Chavis' "false and misleading . . . material" misrepresentations in a 1980 application for reinstatement of his lapsed life insurance policy voided the reinstatement. Thus, according to Southern Life, Mr. Chavis had no Southern Life insurance coverage at the time of his death. Both parties moved for summary judgment pursuant to Rule 56 of the North Carolina Rules of Civil Procedure. Mrs. Chavis appeals from the denial of her motion and the grant of Southern Life's motion several months later.

On appeal, Mrs. Chavis contends that the trial court erred in denying her motion for summary judgment and in granting Southern Life's motion. We agree with Mrs. Chavis on both issues. We therefore reverse the trial court's rulings for the following reasons.

I

Summary judgment is appropriate only when the moving party establishes the absence of a genuine issue as to any material fact. *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E. 2d 795 (1974). On a motion for summary judgment, the reviewing court must look at the evidence in the light most favorable to the non-movant. *Ballenger v. Crowell*, 38 N.C. App. 50, 247 S.E. 2d 287 (1978).

The uncontradicted evidence is as follows. Mr. Chavis was illiterate. On 27 March 1975 he met with a general agent for Southern Life, who read to Mr. Chavis the questions on an application for a Southern Life insurance policy and recorded his answers on the form. Mr. Chavis was issued a Southern Life life insurance policy, number 2642, on 19 April 1975. He paid the $19.67 monthly premiums until March 1980 when he had financial problems. The policy then lapsed due to default in payment. Under the terms of the policy, Mr. Chavis was entitled to have the lapsed policy reinstated within five years of the default in payment of any premium "upon evidence of insurability satisfactory to the Company and the payment of the defaulted premiums with interest. . . ." Mrs. Chavis completed an application for reinstatement of life insurance policy number 2642 in June 1980.

Mr. Chavis signed it. The application listed several questions on Mr. Chavis' health:

> Have you or any person to be insured by this policy had any sickness or injury or been attended by any physician within the past 5 years, or since the issuance of this policy, if later?

> To the best of your knowledge and belief, are all persons to be insured in sound health?

Mr. Chavis answered the first question "no" and the second question "yes." Mr. Chavis paid Southern Life the defaulted monthly premiums and the policy was reinstated. Mr. Chavis continued to pay the monthly premiums until his death on 25 July 1981.

The following facts are in dispute. Mrs. Chavis stated in her affidavit:

> I answered the questions on the reinstatement application and stated that he had not seen a physician within the past five years because I had simply forgotten that he had seen any doctors during that period of time. . . . When I filled in the blanks on the paper I honestly believed what I wrote down and did not do so with the intention to misrepresent the insurance company or to make a fraudulent statement.

According to Southern Life, the attempted reinstatement was invalid because Mr. Chavis' statements on the application for reinstatement were "false and misleading and constituted a fraud, material misrepresentation, concealment and/or breach." Under N.C. Gen. Stat. Sec. 58-30 (1982), material or fraudulent misrepresentations in an application for an insurance policy are grounds for avoiding payment on the policy. Southern Life cites Mr. Chavis' failure to mention in his application for reinstatement: an August 1976 emergency room visit, a seven-day hospitalization in September 1976, and eight office visits to a private physician between 1976 and 1980. We are not persuaded. We hold that Mrs. Chavis is entitled to the proceeds of her husband's life insurance policy as a matter of law, based on the unambiguous language of the policy.

## II

An insurance policy is a contract to be construed under the rules of law applicable to other written contracts. *Bailey v. Life Ins. Co. of Virginia*, 222 N.C. 716, 24 S.E. 2d 614 (1943). The parties' intentions are the controlling guide in the interpretation of the policy. *Duke v. Mutual Life Ins. Co. of New York*, 286 N.C. 244, 210 S.E. 2d 187 (1974). When the language of a contract is plain and unambiguous, its construction is a matter of law for the Court. *Martin v. Martin*, 26 N.C. App. 506, 216 S.E. 2d 456 (1975). An insurance policy is to be construed as a whole, giving effect to each clause, if possible. *Wachovia Bank & Trust Co. v. Westchester Fire Ins. Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970).

We turn to the pertinent clauses of Mr. Chavis' insurance policy.

THE CONTRACT—This policy and the application therefor, a copy of which is attached hereto and made a part hereof, constitute the entire contract. All statements made by the Insured or in his behalf in the application in the absence of fraud shall be deemed representations and not warranties and no statements shall avoid any payment under this policy or be used in defense of any claim hereunder unless it is contained in one of these instruments.

\* \* \*

INCONTESTABILITY—After this policy shall have been in force during the lifetime of the Insured for two full years from the date hereof, it shall be incontestable except for non-payment of premium, and except as to the provisions, if any, granting total and permanent disability insurance, and the provisions, if any, granting additional insurance specifically against death by accidental means.

\* \* \*

REINSTATEMENT—If this policy shall lapse in consequence of default in payment of any premium it may be reinstated at any time within five years upon evidence of insurability satisfactory to the Company and the payment of the defaulted premiums with interest. . . .

A copy of the March 1975 application for life insurance was attached to Mr. Chavis' April 1975 policy. As of 1980, when Mr. Chavis policy lapsed due to default in payment, the two-year contestable period prescribed in the uncontestability clause of the policy had expired. Southern Life contends that the application for reinstatement reactivated the contestable period for an additional two years. Southern Life relies on the strong public policy reasons behind the majority rule discussed in 1A J. & J. Appleman, *Insurance Law and Practice* Sec. 320 (rev. ed. 1981). The majority rule permits the insurer a second contestable period identical in length to the original contestable period to investigate representations in applications for reinstatement. *Id.* Significantly, the majority rule derives from the perceived intentions of the parties: "This conclusion cannot rest upon any precise language in the policy; but it is the reasonable inference as to what the parties intended by reinstating a policy containing [an incontestability] clause. . . ." *New York Life Ins. Co. v. Seymour,* 45 F. 2d 47, 49 (6th Cir. 1930); *see* cases cited in Appleman, *supra,* at Sec. 320 n. 1. *See generally* Annot. 23 A.L.R. 3d 743 (1969).

Here, we need not *infer* the parties' intentions; the language of the policy expressly precludes Southern Life's use of material or fraudulent misrepresentations in the reinstatement application as a defense to payment. The parties agreed in the clause entitled "CONTRACT" that the application for life insurance attached to the policy and the policy itself constituted the entire contract. No reference is made in that clause to an application for reinstatement of the policy. Equally important, the parties specified that only statements made in the *initial application* or *the policy* could be used to avoid payment under the policy. Further, the policy provided that Mr. Chavis had a right to reinstatement of the lapsed policy. Southern Life had the right to investigate the representations in the application for reinstatement and deny reinstatement if the "evidence of insurability [was not] satisfactory to the Company." However, it is clear from the policy that "evidence of insurability" was a condition precedent to reinstatement, rather than a defense to payment. As stated before, only statements made in the initial application or the policy could be used to avoid payment under the policy. Thus, the incontestability clause was applicable only to the initial application and the policy. Once the contestable period had expired in 1977, the 1980 applica-

tion for reinstatement did not trigger a second two-year contestable period. Consequently, under the terms of the policy, the truth or falsity of Mr. Chavis' statements in the application for reinstatement was only contestable before reinstatement of the policy. Accordingly, the alleged falsity of Mr. Chavis' statements in the application for reinstatement is not a valid defense to this action to recover the proceeds. Instead, the terms of the April 1975 policy entitle Mrs. Chavis to recover the proceeds of her husband's life insurance policy as a matter of law.

### III

Summary judgment in favor of Southern Life is vacated. We hereby remand this case for summary judgment to be granted in favor of Mrs. Chavis.

Vacated and remanded.

Judges PHILLIPS and EAGLES concur.