Sherrie K. SPENCER, Plaintiff–Appellant,

v.

KEMPER INVESTORS LIFE INSURANCE COMPANY, an Illinois corporation, Defendant–Appellee.

No. 86CA0592.

Colorado Court of Appeals, Div. IV.

Oct. 27, 1988.

Hoyt, Graveley & Thorpe, Wesley W. Hoyt, Mark A. Buchanan, Englewood, for plaintiff-appellant.

White & Steele, P.C., Stephen K. Gerdes, John M. Palmeri, Denver, for defendant-appellee.

METZGER, Judge.

In this action to recover proceeds from a life insurance policy, plaintiff, Sherrie K. Spencer (the beneficiary), appeals the judgment entered after trial to the court in favor of defendant, Kemper Investors Life Insurance Company (Kemper). She asserts that the trial court erred in ruling that the policy's incontestability provisions did not

bar Kemper from asserting its defenses. She also asserts that the trial court erred in holding that the policy was null and void as a result of the insured's misrepresentations in his application for reinstatement, and in finding that Kemper had detrimentally relied on these misrepresentations in reinstating the policy. We affirm.

The policy at issue is a decreasing term life insurance policy initially issued in 1973 by Kemper's predecessor in interest, Citizen's Life Insurance Company, to the beneficiary's deceased husband, Robert J. Spencer (the insured). In November 1983, the policy lapsed because of non-payment of premiums. Soon thereafter, the insured received a notice from Kemper informing him that he could reinstate coverage by completing an application for reinstatement and returning it with payment for back premiums plus interest.

The application for reinstatement contained specific questions relating to the insurability of the applicant, and provided in pertinent part:

"Since the issue day of the policy have any of the above applicants for reinstatement:

. . . .

2. Consulted or received medical advice or treatment from a physician or any other practitioners. . . ."

In response, the insured checked the box marked "No." However, from January 13, 1984, through February 13, 1984, the insured had been an inpatient in a hospital's alcoholic rehabilitation program, where he consulted and received treatment from various physicians on a daily basis. His application for reinstatement did not disclose this fact.

The completed application and payment were forwarded to Kemper in mid-April 1984. The Spencers later received a written notice informing them that the policy was reinstated effective May 1, 1984.

On June 17, 1984, the insured committed suicide. Because of the insured's misrepresentations on the reinstatement application, Kemper refused to pay the beneficiary's claim for the $13,500 in death benefits. It tendered a return of premiums paid since the date of reinstatement.

The beneficiary then initiated this action based on theories of breach of contract, unjust enrichment, and money had and received. After trial, the court concluded that the policy's incontestability clause did not bar Kemper from invoking its defenses to payment on the policy. Applying the factors in *Hollinger v. Mutual Benefit Life Insurance Co.*, 192 Colo. 377, 560 P.2d 824 (1977), the court determined that Kemper was entitled to avoid payment on this policy because of the insured's misrepresentations in his reinstatement application and Kemper's reliance on those misrepresentations. This appeal followed.

I.

The beneficiary first contends that, because the two-year period of incontestability in the original policy had expired, Kemper was barred from asserting any defenses to the reinstated policy. She argues that the trial court erred in ruling that, as to the misrepresentations in the application for reinstatement, the two-year period of incontestability ran anew from the date of reinstatement. We find no error.

█ An insurance policy is to be construed according to the same rules as any other contract. *Dairyland Insurance Co. v. Marez*, 42 Colo.App. 536, 601 P.2d 353 (1979), aff'd 638 P.2d 286 (Colo.1981). The terms of the policy govern the rights of the parties concerning reinstatement. *Colorado Life Co. v. Winegarner*, 95 Colo. 261, 35 P.2d 860 (1934).

As required by § 10–7–102(1)(b), C.R.S. (1987 Repl.Vol. 4A), the incontestability clause provides:

"INCONTESTABILITY—This policy shall be incontestable after it has been in force during the lifetime of the insured for two years from its date of issue, *except for non-payment of premiums.*" (emphasis added)

The policy also addresses the issue of reinstatement in the event the insured fails to make premium payments. It provides:

"REINSTATEMENT—This policy may be reinstated at any time during the term period and within five years after the date to which premiums were paid. *Reinstatement shall be subject to evidence of insurability of the Insured satisfactory to the Company....*" (emphasis added)

■ When the incontestability and reinstatement clauses are construed together, it is evident that the two-year incontestability provision does not apply to misrepresentations made in a reinstatement application. The policy explicitly excludes lapse for nonpayment of premiums from the operation of the incontestability clause. Moreover, the reinstatement clause requires evidence of insurability satisfactory to the insurance company before reinstatement can occur.

Thus, based on the plain language of the policy, we conclude that the trial court was correct in determining that the incontestability clause did not apply and in thus allowing Kemper to assert its defenses.

We also note that this analysis is consistent with the majority of other jurisdictions which have confronted this issue. In those instances in which an insurance policy has lapsed for non-payment of premiums and has been reinstated in reliance upon misrepresentations in the reinstatement application, courts have adopted one of three methods of analysis.

Some view reinstatement as creating a new contract, all terms of which may be contested at any time for fraud. *See Jefferson Standard Life Insurance Co. v. Bomchel,* 239 Ala. 135, 194 So. 156 (1940); *Umans v. New York Life Insurance Co.,* 259 Mass. 573, 156 N.E. 721 (1927); *Acacia Mutual Life Assoc. v. Kaul,* 114 N.J.Eq. 491, 169 A. 36 (1933). A few courts, relying on a "continuing contract" theory, have held that reinstatement cannot be contested if the time limits contained in the original incontestability clause have expired. *See New York Life Insurance Co. v. Dandridge,* 202 Ark. 112, 149 S.W.2d 45 (1941); *Dorval v. Guarantee Trust Life Insurance Co.,* 308 Ill.App. 323, 31 N.E.2d 385 (1941); *Chavis v. Southern Life Insurance Co.,* 76 N.C.App. 481, 333 S.E.2d 559 (1985);

*Burnham v. Bankers Life & Casualty Co.,* 24 Utah 2d 277, 470 P.2d 261 (1970). However, both Arkansas and Utah have adopted legislation specifically reversing the results of the cases cited. Ark.Stat.Annot. § 66–3324 (1980); Utah Code Annot. § 31A–22–403(3) (1986).

A substantial majority of courts hold that the time limits in the incontestability clause run anew as to matters affecting the validity of the reinstatement, but that defenses to the original insurance contract are barred. *See McCary v. John Hancock Mutual Life Insurance Co.,* 236 Cal.App. 2d 501, 46 Cal.Rptr. 121 (1965); *Winer v. New York Life Insurance Co.,* 140 Fla. 534, 190 So. 894 (1938); *Lockett v. National Life & Accident Insurance Co.,* 193 Ga. 372, 18 S.E.2d 550 (1942); *Chambers v. Metropolitan Life Insurance Co.,* 235 Mo. App. 884, 138 S.W.2d 29 (1940) (applying Kansas law); *Sellwood v. Equitable Life Insurance Co.,* 230 Minn. 529, 42 N.W.2d 346 (1950); *Franklin Life Insurance Co. v. Jones,* 169 Miss. 91, 152 So. 285 (1934); *Randall v. Western Life Insurance Co.,* 336 S.W.2d 125 (Mo.App.1960); *Wolski v. National Life & Accident Insurance Co.,* 135 Neb. 643, 283 N.W. 381 (1939); *In re Kear's Will,* 2 A.D.2d 71, 153 N.Y.S.2d 106 (1956), *affirmed* 3 N.Y.2d 959, 169 N.Y.S. 2d 31, 146 N.E.2d 789 (1957); *Johnson v. Great Northern Life Insurance Co.,* 73 N.D. 572, 17 N.W.2d 337 (1945); *New York Life Insurance Co. v. Yamasaki,* 159 Or. 123, 78 P.2d 570 (1938); *Smith v. State Mutual Life Assurance Co.,* 321 Pa. 17, 184 A. 45 (1936); *Columbian National Life Insurance Co. v. Industrial Trust Co.,* 53 R.I. 334, 166 A. 809 (1933); *Ward v. New York Life Insurance Co.,* 129 S.C. 121, 123 S.E. 820 (1924); *Pacific Mutual Life Insurance Co. v. Galbraith,* 115 Tenn. 471, 91 S.W. 204 (1905); *Universal Life & Accident Insurance Co. v. Murphy,* 368 S.W.2d 878 (Tex.Civ.App.1963).

The courts which have adopted this view have reasoned that:

"Any other view would open the door to the grossest deceit and fraud in securing the reinstatement of a policy that had become incontestable under its original

provisions. The contrary view would permit the holder of a lapsed policy, wherein the original contestable period had expired, who was facing impending death from a known fatal malady, to secure reinstatement by false and fraudulent representations of his continued good health and insurability, and then rest securely behind the protection of the original incontestable clause."

*New York Life Insurance Co. v. Burris*, 174 Miss. 658, 165 So. 116 (1936).

■ We conclude that application of the majority rule is appropriate under the facts of this case, since it bars recovery only for misrepresentations in the reinstatement application and preserves the insured's rights as to the remainder of the policy. Accordingly, since the discovery of the misrepresentations here occurred within the two-year limitation contained in the policy's incontestability clause, as measured from the date of the reinstatement application, the trial court did not err in ruling that Kemper would be allowed to assert its defenses.

## II.

Next the beneficiary asserts that the evidence was insufficient to establish that the insured's misrepresentations concerning medical treatment materially affected either the acceptance of risk or the hazard assumed by Kemper. She also contends that the trial court erred in finding that Kemper detrimentally relied on the misrepresentations. We do not agree.

■ In order for an insurer to avoid payment on a life insurance policy because of misrepresentations in the application, the insurer must establish that: (1) the applicant knowingly made a false statement of fact or knowingly concealed a fact in the application for insurance; (2) the false statement of fact or the concealed fact materially affected either the acceptance of risk or the hazard assumed by the insurer; (3) the insurer was ignorant of the false statement of fact or concealment of fact and is not chargeable with knowledge of the fact; and (4) the insurer relied, to its detriment, on the false statement of fact or concealment of fact in issuing the policy.

*Hollinger v. Mutual Benefit Life Insurance Co., supra.*

■ In this case, the trial court, on supporting evidence, specifically found that all elements of the *Hollinger* test had been proved by Kemper. The evidence showed that the insured knowingly misrepresented his recent medical history in his application for reinstatement. In her trial data certificate, the beneficiary admitted that Kemper relied upon these misrepresentations in reaching its decision to reinstate the policy. Kemper's manager and chief underwriter testified that, had the insured given truthful answers on the application for reinstatement, the policy would not have been reinstated. Thus, despite the beneficiary's arguments, the record contains sufficient evidence of materiality and detrimental reliance to support the trial court's findings, and thus, those findings are binding on review. *See Leo Payne Pontiac, Inc. v. Ratliff*, 178 Colo. 361, 497 P.2d 997 (1972).

In light of this disposition, we need not address the beneficiary's other contentions of error.

THE JUDGMENT IS AFFIRMED.

KELLY, C.J., and TURSI, J., concur.