■ PETER DIMAGGIO, Appellant, v ROSLYN SAVINGS BANK, Respondent. [714 NYS2d 314] —In an action to recover the proceeds of a life insurance policy, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Dunn, J.), dated August 19, 1999, which denied his motion for summary judgment and granted the defendant's cross motion for summary judgment dismissing the complaint and on its counterclaim for rescission of the policy.

Ordered that the order is affirmed, with costs.

On May 1, 1989, the defendant's predecessor in interest issued a life·insurance policy on the life of the plaintiff's wife, Loretta DiMaggio, which contained a two-year contestability clause. The policy lapsed for nonpayment of premiums, but was reinstated by the defendant on October 5, 1993. Mrs. DiMaggio died on March 7, 1995. The defendant rejected the plaintiff's claim for benefits under the policy on the ground that Mrs. DiMaggio had made material misrepresentations regarding her health in her application for reinstatement. The plaintiff subsequently commenced this action to recover the proceeds of the policy. The Supreme Court denied the plaintiff's motion for summary judgment and granted the defendant's cross motion for summary judgment.

The Supreme Court correctly concluded that the two-year contestability period in the original policy applied to the reinstated policy, despite the fact that neither the policy nor the reinstatement application specifically provided that a reinstated policy would have a two-year contestability period. Where an original life insurance policy contains a contestability period, the period begins to run anew when the policy is reinstated after lapsing (*see, Teeter v United Life Ins. Assn.,* 159 NY 411; Insurance Law § 3210; *see also, Estate of Threatt v American Centurion Life Assur. Co.,* 251 AD2d 284; *Kear v Prudential Ins. Co.,* 2 AD2d 71, 73, *affd* 3 NY2d 959). Consequently, the contestability period had not expired when Mrs. DiMaggio died (*see, Estate of Threatt v American Centurion Life Assur. Co., supra*).

In support of its cross motion, the defendant submitted the

affidavits of an underwriter, together with the relevant portion of the underwriting guidelines, which established as a matter of law that Mrs. DiMaggio made material misrepresentations in her reinstatement application. In opposition, the plaintiff failed to present evidence sufficient to raise a triable issue of fact as to the defendant's claim that the misrepresentations were material. Consequently, the Supreme Court properly granted the defendant's cross motion (*see, Kroski v Long Is. Sav. Bank,* 261 AD2d 136; *Estate of Threatt v American Centurion Life Assur. Co., supra*). Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.