(No. 14229.—Reversed and remanded.)
MARGARET PLUARD, Defendant in Error, vs. THE MACCA-
BEES, Plaintiff in Error.

*Opinion filed October 21, 1922.*

1. BENEFIT SOCIETIES—*findings of fact by trial and Appellate
Courts are binding on Supreme Court.* In a suit at law on a bene-
fit certificate, where the evidence is conflicting on the issue as to
whether the member mis-stated his age, the finding of the issue
for the plaintiff by the jury and the circuit court on competent evi-
dence, and the affirmance of the judgment by the Appellate Court,
are conclusive on the Supreme Court.

2. SAME—*when plaintiff should not be allowed to testify as to
statement of the insured.* In a suit on a benefit certificate, where
the issue is whether the insured had mis-stated his age, the plain-
tiff should not be permitted to testify that the insured stated to a
representative of the society, when accused of mis-stating his age,
that he was of a certain age when he applied for membership in
the society and that he had not mis-stated his age, as such state-
ment is a self-serving declaration and is not admissible to prove
the age of the insured in a suit after his death.

WRIT OF ERROR to the Appellate Court for the First
District;—heard in that court on appeal from the Circuit
Court of Cook county; the Hon. FRANK JOHNSTON, JR.,
Judge, presiding.

HARRY P. WEBER, GEO. W. MILLER, ARTHUR J. DONO-
VAN, and ARTHUR A. ANDERSON, for plaintiff in error.

THOMAS J. PEDEN, THOMAS J. GRAYDON, LOUIS KAHN,
HARRY A. KAHN, and P. J. MURPHY, for defendant in error.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

On May 12, 1918, Margaret Pluard, defendant in error,
brought suit in assumpsit in the circuit court of Cook county
against the Maccabees, a fraternal beneficiary association,
on a benefit certificate issued by that order to James C.
O'Brien on May 12, 1916, and payable to defendant in er-

ror as beneficiary. The general issue and two special pleas were filed, the special pleas setting up, in substance, (1) that O'Brien was over the age of forty-four years at the time the original policy was issued, in August, 1899; that in the application he misrepresented his age, he being in fact more than forty-four years of age, to-wit, fifty-two years of age; (2) that at the time the certificate was issued it was provided in the articles of incorporation that one of its objects was to provide for death, sick and accident disability benefits to those, only, between the ages of eighteen and fifty-one years, which provision is still in force; that O'Brien was born May 9, 1847, and was more than fifty-one years of age at the time he applied for beneficial membership; that in his application he represented himself to be only forty-four years of age, on which representation the plaintiff in error relied; that by reason of such facts the plaintiff in error had no power to admit him to beneficial membership, and that defendant in error is not entitled to recover in this suit. Issues were joined on the pleas, and on a trial the jury rendered a verdict for defendant in error, and judgment was rendered in her favor in the sum of $2250. On appeal to the Appellate Court for the First District the judgment was affirmed. A writ of *certiorari* was granted by this court, and the record is before us for review on the errors assigned.

Most of the facts are stipulated by the parties and are in substance as follows: On August 14, 1899, O'Brien made application for membership in the Maccabees, representing that he was born in Chicago, Illinois, and was forty-four years of age. Sixteen days later a benefit certificate was issued to him, which was surrendered August 11, 1904, and a new certificate issued. On May 4, 1916, O'Brien made affidavit that he had lost the latter benefit certificate, and the certificate on which this suit was brought was issued to him May 12, 1916, made payable to Margaret Pluard, his daughter, defendant in error. This certificate contains

the following provisions: "Issued in place of lost certificate. * * * This certifies that * * * James O'Brien has been regularly admitted to membership in the Maccabees. * * * This certificate is issued because of an application for membership and medical examination furnished by the member in writing, signed by him and warranted to be absolutely true in every particular as written, which application, medical examination, laws of the association in force at maturity of contract, and this certificate, constitute the contract between the member and the association. That at his death $2000 will be paid as a benefit to Margaret Pluard, bearing relationship to him of daughter, on actual proof of death, * * * provided, always, that his application for membership and medical examination are absolutely true as written." Plaintiff in error is a corporation of Michigan, duly authorized to transact business in Illinois. Under the charter and by-laws of the order persons between the ages of eighteen and fifty-one years, only, are eligible to membership. O'Brien died August 23, 1917, and proof of his death was furnished.

Two questions of fact were sharply contested, and are: (1) Was O'Brien in August, 1899, more than forty-four years of age? (2) Was he over fifty-one years of age when he became a member? It is conceded by defendant in error that if O'Brien was more than fifty-one years of age at the time the original benefit certificate was issued to him no recovery can be had on this policy.

The jury necessarily found by its verdict that O'Brien was under the age of fifty-one years at the time the certificate was issued and not over forty-four years of age. The Appellate Court found the facts the same way as did the jury and the circuit court and affirmed the judgment. These findings are conclusive on this court, as they are supported by positive evidence in the record. The judgment of the Appellate Court must therefore be affirmed unless the trial court committed reversible error in its rulings.

The main contention of plaintiff in error is that the trial court committed reversible error in admitting evidence and in making rulings thereon before the jury that were very prejudicial to it.

The substance of the evidence in the record is as follows: The great Chicago fire that destroyed so many of the public records of Chicago and Cook county rendered it impossible to establish O'Brien's age by such records. A book was introduced in evidence by the plaintiff in error which was shown to have been in the possession of O'Brien's wife until her death, in 1916. Annie Maloney, daughter of O'Brien and sister of defendant in error, testified that she got the book from her mother when she died. There appears upon some of the pages of this book, which seems to be an ordinary account book or memorandum book noting items purchased, etc., what purports to be a record of births and deaths in the O'Brien family. O'Brien is noted therein as being born May 9, 1847. Both Annie Maloney and her sister, Frances Besse, testified that their father was shown this book by their mother in 1916, and that he admitted at that time, in their presence, that the date of his birth set forth in said book was correct. If that is the correct date of his birth he was fifty-two years old on August 14, 1899, when he applied for membership in plaintiff in error, and was not eligible to membership because of the charter and by-law age limitation. Mary McLaughlin, another daughter of O'Brien, testified that she was born on June 22, 1870; that she had a brother older than herself who died in infancy, and that defendant in error is three years older than herself. Her testimony would place the birth of the eldest child of O'Brien in 1867. If O'Brien was born in 1855, as stated in his application for membership, he was only about twelve years old in 1867, the year in which his first child was born. If he was born in 1847, as noted in the booklet, he would have been twenty years old in 1867. O'Brien's son, James, testified that he was

born July 19, 1873; that Mrs. McLaughlin was two or three years older than he; that a brother who died in infancy and defendant in error were born prior to Mrs. McLaughlin. Defendant in error testified that she was the eldest child of O'Brien and was born in 1872; that Anthony, who died, was born in 1873, Mrs. McLaughlin in 1874, and James on July 19, 1875. Mary Gibbons, a sister of O'Brien, testified that she was sixty-eight years old in 1920; that she was three years older than O'Brien; that he was forty-four years old when he joined the Maccabees, and that he was nineteen years old when defendant in error was born. It will be observed that if defendant in error was born in 1872, as she claims, and her father was nineteen years old at that time, then he must have been born in 1853.

With the evidence in the record in the unsatisfactory and contradictory condition just related, defendant in error was allowed by the court, over objection of plaintiff in error, to testify that one Fitzgerald, representing plaintiff in error, in about 1917 called her father on the telephone and said that he had a letter from the council of the Maccabees saying that they would not accept any more dues from O'Brien. She and her father then went down to Fitzgerald's residence, and Fitzgerald said that he was sorry, but that he could not take any more dues; that there was a complaint made that O'Brien was over age; that he had a check there for all the dues that O'Brien had paid, and that if he would accept that check that would end the matter. She further testified that her father answered Fitzgerald, saying that he was forty-four years of age at the time he went into the Maccabees, that he gave his right age at that time, and that he would not accept the check for the dues paid by him. Plaintiff in error had not in any way in its evidence referred to this conversation between Fitzgerald and O'Brien in the presence of defendant in error. Nothing had occurred on the trial and nothing was contained in the pleadings that in any way tended to make this

legal and competent testimony. It was a self-serving declaration pure and simple that O'Brien made to Fitzgerald regarding his age and as to what he said about it at the time he applied for membership. It was very prejudicial to plaintiff in error and was admissible under no theory of the law. The admission of this evidence must be regarded as reversible error.

It is argued by the defendant in error that if O'Brien had not made said reply to Fitzgerald but had said nothing, such silence on his part would have been a virtual admission of the truth of the accusation that he had not stated his true age, and that plaintiff in error could have proved that fact as an implied admission on his part that he had understated his age. This is very true, and because of the fact that it would have amounted to an implied admission that the company's charge against him was true, but such evidence would have been admissible solely as in the nature of an admission against himself.

It is further argued that this evidence was also admissible for plaintiff in error on the ground that it was a part of the *res gestæ*. This is a very grave misapprehension and misapplication of that doctrine altogether. The reply of O'Brien was merely a self-serving declaration when admitted as evidence for defendant in error, made eighteen years after the application and contract of insurance had been made, and was made in denial of the charge that he had under-stated his age. It was a necessary statement by him if he intended to stand by his policy or certificate and insist on its validity, to avoid an implied admission of the truth of the charge. That was the end of it so far as materiality was concerned in the lawsuit, and there is no theory upon which it can be insisted that his denial is proof or evidence of the fact that his denial was true. When considered from the standpoint of defendant in error his denial was nothing more than a self-serving declaration, which is never admissible as tending to prove the truth of the decla-

ration. (*Greinke* v. *Chicago City Railway Co.* 234 Ill. 564; *Lord* v. *Reed,* 254 id. 350.) What the trial court said in ruling on this testimony in the presence of the jury naturally tended to impress the jury that the erroneous testimony was of considerable importance and should have weight. It is not necessary to go into detail as to the ruling.

There are other matters discussed in the briefs in regard to the pleadings and as to what was gone into or was not gone into by the parties in the trial of the cause which this court cannot settle and which are not important in this decision.

For the reasons aforesaid the judgment of the Appellate Court is reversed and the cause is remanded to the circuit court for further proceedings.

*Reversed and remanded.*

---

(No. 14624.—Reversed and remanded.)
ANNA RUSH *et al.* Appellants, *vs.* THEODORE C. RUSH, Appellee.

*Opinion filed October 21, 1922.*