# EVELYN L. SELLWOOD v. EQUITABLE LIFE INSURANCE COMPANY OF IOWA.[1]

April 6, 1950.

No. 35,032.

---

[1]Reported in 42 N. W. (2d) 346.

530

*Martin Friedman,* for appellant.
*Holmes, Mayall, Reavill & Neimeyer,* for respondent.

PETERSON, JUSTICE.

This is an action to recover upon a life insurance policy which was reinstated after it had lapsed for nonpayment of premium. Decision below was for defendant upon the ground that the insured made false statements in the application for reinstatement concerning his insurability. Plaintiff appeals.

The questions for decision are:

(1) Whether statements by the insured concerning his insurability in an application for reinstatement of a life insurance policy lapsed for nonpayment of premium, not endorsed upon or attached to the policy, may be used as a defense by the insurer in an action to recover upon the policy under statutory and policy provisions to the effect that the policy constitutes the entire contract between the parties; that, absent fraud, any statements of the insured shall constitute representations and not warranties; and that no such statements shall avoid the policy unless they are contained in a *written application* and a copy of the application shall be endorsed upon or attached to the policy *when issued;*

(2) Whether, where life insurance has become incontestable by lapse of the time specified in the policy, reinstatement of the policy may be shown to have been procured by the insured by false state-

ments in the application therefor as to whether he had suffered injury or disease or consulted a physician within the time therein stated;

(3) Whether declarations of the insured as to his opinion concerning his health are admissible to show the immateriality of the insured's false statements in an application for reinstatement of the policy as to whether he had suffered any disease or injury or had consulted a physician since the date of his last application for insurance or examination therefor by the company; and

(4) Whether, where the objection to a tender made by check went to the amount tendered and not the fact that it was by check, the creditor may afterward object to the tender upon the ground that the medium of the tender was a check rather than money.

On April 6, 1942, defendant insured John W. Sellwood by a policy of endowment life insurance for $3,300 payable to plaintiff if she survived him. By the terms of the policy, premiums were payable annually on April 6, but by the terms of an "Extension Agreement For Payment Of Annual Premium In Monthly Installments" the second and subsequent annual premiums were payable in monthly installments on the last day of each month, subject to a stipulation therein that failure to pay such installments when due or within ten days thereafter should cause the policy "to immediately cease and determine." Insured did not pay the monthly installment due on November 30, 1946, or within ten days thereafter. Seventeen days after the installment payment was due—seven days after the policy had lapsed for nonpayment of premium—insured *applied* in writing by an instrument entitled "Personal Report and Supplementary Application to the Equitable Life Insurance Company of Iowa" for reinstatement, *representing* therein that he had not suffered any disease or injury or consulted a physician or practitioner since the date of his last application for insurance or examination in the company. The application for reinstatement was made under a policy provision, which, so far as here material, gave the insured the right to be reinstated "upon receipt of evidence satisfactory to

the Company of the insurability of the Insured" and the payment of all premium arrears with interest. These the insured paid.

The defense was that the reinstatement of the policy was procured by false representations, in that, while the insured represented that he had not consulted a physician after the policy had been issued, the fact was that he had done so during the period from February 17 to 26, 1946. The evidence showed that during such period the insured consulted two physicians at a hospital where he was a patient and at the office of one of the physicians. Upon objection by plaintiff, defendant was not permitted to show the nature of the illness or disease for which insured consulted the physicians. Questions by plaintiff's counsel put to her and another witness as to insured's "opinion" concerning his physical condition during the year 1946 were excluded upon defendant's objection as hearsay and as incompetent, irrelevant, and immaterial.

The policy, in accordance with statute (see, M. S. A. 61.27, 61.30[4, 10]), contained provisions: (a) That the policy, together with the application therefor, constituted the entire contract between the parties; that all statements made by the insured, in the absence of fraud, should be deemed representations and not warranties; and that no statement should avoid the policy or be used in defense to a claim thereunder unless it was contained in the written application and a copy of such application was attached to the policy "when issued"; and (b) that the policy should be incontestable after it had been in force for a period of two years from the date of issue, except for nonpayment of premiums.

After plaintiff furnished proofs of claim under the policy, defendant denied liability thereunder, except for the amount of $635.36, for which, if it was not liable for the face of the policy, it admittedly was liable. Defendant sent a check for the amount mentioned to plaintiff, which her attorney returned for the reason that it was not for the face of the policy, which she claimed.

Plaintiff contends: (1) That any statements made by the insured in the application for reinstatement could not be used by defendant as a defense, for the reasons that under the statutes and the policy

only statements made in an application attached to the policy may be used in defense thereof (and then only within the contestable period), and that the application for reinstatement was not so attached; (2) that the policy became incontestable after the expiration of two years from its date, and that, because that is true, the reinstatement thereof was without contestability by the company upon the grounds here asserted; (3) that, even if the statements of the insured in the application for reinstatement could be used in defense of this action, the declarations of the insured as to his opinion concerning his health would have been evidence that he was in good health, or at least that he believed that he was; and (4) that no valid tender of the amount due plaintiff was made by defendant, for the reason that a check, not money, was tendered.

Defendant contends: (1) That the statutory and policy provisions in question require only the original application to be attached to the policy and not one for reinstatement after lapse for nonpayment of premiums, and that such intention is manifested by the words requiring the application to be attached to the policy "when issued"; (2) that, while the policy had become by the expiration of two years from its date incontestable as to defenses existing at the time it was issued and while thereafter statements in the original application for the policy itself could not be used in defense of an action brought on the policy, the reinstatement of the policy was contestable for false statements in procuring it; (3) that the deceased's declarations concerning his opinions as to his health were hearsay and, as such, inadmissible; and (4) that under the circumstances the tender of the check was a good tender.

■ Reinstatement of a life insurance policy after lapse or forfeiture for nonpayment of premiums by performance of the conditions specified in the policy continues in force the original policy and is not the issuance of a new one. Brown v. State Automobile Ins. Assn. 216 Minn. 329, 12 N. W. (2d) 712; Robbins v. New York L. Ins. Co. 195 Minn. 205, 262 N. W. 210, 872. The authorities are in conflict as to whether an application for reinstatement is required to be attached to the policy and whether the failure to do so

precludes the insurer from setting up as a defense misrepresentations of the insured therein. This conflict is accounted for in part by differences in statutory provisions. The weight of authority is to the effect that, where the governing statute and policy provisions in accordance therewith provide that the application shall be attached to the policy "when issued," or equivalent language, and where the reinstatement of a life insurance policy under the circumstances here is the continuance of the original policy and not the issuance of a new one, an application for reinstatement thereof is not required to be attached to or endorsed on the policy in order to make available as a defense to the insurer (at least within the contestable period) misrepresentations of the insured therein concerning his insurability. New York L. Ins. Co. v. Buchberg, 249 Mich. 317, 228 N. W. 770, 67 A. L. R. 1483; De Valpine v. New York L. Ins. Co. (Mo. App.) 105 S. W. (2d) 977; Duncan v. Penn Mut. L. Ins. Co. 17 Tenn. App. 62, 65 S. W. (2d) 882; Annotation, 67 A. L. R. 1489; 29 Am. Jur., Insurance, § 269. See, Walker v. Acacia Mut. L. Ins. Co. 178 Miss. 395, 173 So. 453; Murray v. Metropolitan L. Ins. Co. 193 S. C. 368, 8 S. E. (2d) 314. As said in the Buchberg case (249 Mich. 320, 228 N. W. 771):

"* * * By its terms the statute plainly contemplates only the written application made incident to the original issuing of the policy. The statute requires such 'written application' to be 'attached to the policy *when issued.*' Clearly it was not intended by this statute to require the insurance company to attach to the policy 'when issued' representations made incident to an application for the reinstatement of lapsed insurance."

Accordingly, we hold that the statutory and policy provisions here involved require an application for the original issuance of a life insurance policy to be endorsed upon or attached to the policy, but not an application for reinstatement of the policy after lapse thereof for nonpayment of premiums. The words requiring an application to be so endorsed or attached to the policy "when issued" manifest such an intent.

Plaintiff cites Coughlin v. Reliance L. Ins. Co. 161 Minn. 446, 201 N. W. 920, as contra, but it is not. That case, so far as here relied on, holds that provisions in a promissory note, executed by the insured in a life insurance policy to the insurer for part of the second premium and providing for lapse or forfeiture of the policy upon nonpayment thereof on or before the due date, are contractual as to the insurance covered by the policy and, as such, are required by the statute providing that the policy shall contain all contractual provisions concerning the insurance to be incorporated in the policy or either endorsed thereon or attached thereto, and that the failure so to comply with the statute renders void the provisions in the note referred to. The case is not in point because (1) it did not involve an application for a reinstatement, but rather a note given for part of an unpaid premium; (2) the note there involved added contractual provisions to those contained in the policy, whereas a reinstatement has no such effect, but on the contrary continues in effect the original policy unchanged; and (3) it failed entirely to consider the effect of the words "when issued" above referred to, which, as has been pointed out, manifest an intention that the requirement in question has no application to a reinstatement. Furthermore, the Coughlin case is opposed to the weight of authority, as we there pointed out (see, Annotation, 152 A. L. R. 384, 388), and was within a few months after its rendition overruled by statute (L. 1925, c. 343) providing to the contrary. Significantly enough, plaintiff does not claim that the provisions of the extension agreement here providing for payment of the second and subsequent premiums in monthly installments and for lapse of the policy for nonpayment of an installment when due is void because it was not endorsed upon or attached to the policy.

■ Decision of the question whether the incontestable clause precludes the use of the defense by the defendant of the insured's false answers in the application for reinstatement is not free of difficulty. On the one hand, a reading of the incontestable clause in the light of the other provisions of the policy shows that it applies only to the original application for the policy at the time it was

issued, and not to a subsequent application for reinstatement after lapse or forfeiture thereof. There can be no doubt as to the proposition that, after the policy became incontestable by the expiration of the required period of time for such purpose, the answers of the insured in the original application could not be used by the insurer to avoid the policy. On the other hand, absent an incontestable clause, the insurer may at any time avoid the policy for false answers by the insured in the application therefor. The effect of an incontestable clause is, first, in the absence of fraud, to render all statements by the insured in the application for the insurance representations and not warranties; and, second, to limit the time within which the policy may be contested for fraudulent answers in its procurement. See, Schaedler v. New York L. Ins. Co. 201 Minn. 327, 276 N. W. 235; 29 Am. Jur., Insurance, §§ 524, 545, 546, 547.

While there seems to be little or no dissent from the rules stated, the authorities have reached a variety of conclusions as to the rule applicable to the question now before us. Without enumerating all such rules, it is sufficient to say that the two principal ones are: (1) Reinstatement starts the incontestable clause running anew as to misrepresentations in procuring the reinstatement from the time of the reinstatement; and (2) reinstatement does not start the incontestable clause to run anew, and that, regardless of the reinstatement, the incontestable clause runs from the date of the policy itself, not that of the reinstatement. Under the first rule, defenses which were barred by the running of the incontestable clause before lapse of the policy remain barred; but as to new representations in the application for reinstatement, the right of defense is open the same as it was when the policy first became effective. Under the second rule, after the running of the incontestable period from the date of the policy itself, the insurer must determine at its peril in granting reinstatement whether any false answers have been made, and it is foreclosed afterward from asserting that any have been. See, 29 Am. Jur., Insurance, § 896. Some of the cases turn on the proposition whether the reinstatement is a continuation of the con-

tract of insurance originally entered into or whether it constitutes the making of a new contract.

Except by a process of construction—by supplying what the parties must be presumed to have intended but did not state—an incontestable clause in a life insurance policy, because by its terms the period of contestability starts running from the date the policy was originally issued, cannot apply to a reinstatement of a policy which lapsed after it had become incontestable by the expiration of such period, where reinstatement is regarded, as it is here, as the continuation of the original policy and not the making of a new contract of insurance. New York L. Ins. Co. v. Seymour (6 Cir.) 45 F. (2d) 47, 73 A. L. R. 1523; Teeter v. United L. Ins. Assn. 159 N. Y. 411, 54 N. E. 72. The authorities reason that, since it is fundamental that fraud vitiates everything into which it enters (see, Magee v. Odden, 220 Minn. 498, 20 N. W. [2d] 87; 3 Dunnell, Dig. & Supp. § 3834), it cannot be supposed that the parties intended that an insured should have what Judge Learned Hand in Tatum v. Guardian L. Ins. Co. (2 Cir.) 75 F. (2d) 476, 478, 98 A. L. R. 341, characterized as "a license forever to cheat the insurer"; and that the reasons for the public policy that, absent fraud, statements by an insured in an application for insurance should be deemed to be representations and not warranties and that a limit should be set on the time within which the insurer should have the right to contest the policy for false statements of the insured in an application, apply to an application for reinstatement the same as to one for the original issuance of the policy itself.[2] This view has been adopted

---

[2] In New York L. Ins. Co. v. Seymour, *supra,* the court said (45 F. [2d] 48): "* * * There is nothing expressed on this subject in the policy or in the reinstatement papers. Clearly the original clause, with the original two-year limitation, cannot be literally reinstated in a case like this. It had performed its office, and this policy had been incontestable for several years before the lapse. Both by the proposal of the reinstatement application and by familiar principles of law, it must follow that fraud in obtaining the reinstatement would be a good defense to liability upon the contract so procured; and there must be a reasonable opportunity for the assertion of this defense. Nor, when we draw the conventional inference against the party

by many authorities, regardless of whether the reinstatement be regarded as the continuation of the original contract of insurance or the making of a new one. Wallach v. Aetna L. Ins. Co. (2 Cir.) 78 F. (2d) 647; Great Western L. Ins. Co. v. Snavely (9 Cir.) 206 F. 20, 46 L.R.A.(N.S.) 1056; 1 Appleman, Insurance Law and Practice, § 320. We adopt the rule that, upon reinstatement of a lapsed life insurance policy, the incontestable clause runs anew as to misrepresentations in the application for reinstatement. This rule is not only supported by the weight of authority, but also is a just and fair one. The reasons supporting this rule are in accord with those approved in Geare v. United States L. Ins. Co. 66 Minn. 91, 93, 68 N. W. 731, where a somewhat different question was involved. Accordingly, since the insured's death occurred within two years after the alleged misrepresentations in the application for insurance were made, the insurer was entitled to use such misrepresentations as a defense in this action to recover on the policy.

■ As we understand plaintiff's contention, she does not controvert the rule of Harnischfeger Sales Corp. v. National L. Ins. Co. 195 Minn. 31, 35, 261 N. W. 580, 582, to the effect that, where it is shown that the insured has consulted a physician and that, because of such fact, his answer in his application that he did not do so is false, the burden is then on the plaintiff to show that the consultation was "for a matter of negligible importance"; but rather it is

---

drafting the contract, can we think it intended that the policy should be always contestable—without any time limit. We think the fair construction is that the incontestable clause took a fresh effect when the policy again came into force by the reinstatement, and that the right to contest because of fraud in the reinstatement would expire two years after that date. This conclusion cannot rest upon any precise language in the policy; but it is the reasonable inference as to what the parties intended by reinstating a policy containing this clause, and also providing [representation in application that any statements by insured were true and that insurer might rely on them], in effect, that liability should be defeated by showing fraud in the reinstatement application. This is held in Teeter v. United Life, 159 N. Y. 411, 54 N. E. 72, approved in Great Western v. Snavely (C. C. A.) 206 F. 20, 46 L.R.A.(N.S.) 1056; Mutual Life v. Dreeben (D. C.) 20 F. (2d) 394."

that, conceding such is the rule, insured's declarations as to his opinion concerning his health were evidence of the matters declared by him. While there was no offer of proof that the declarations would have shown that the insured was in sound health or that the consultation with the physician was for a negligible matter, there could have been no other purpose for attempting to prove them. While declarations are admissible to show the state of mind of the declarant—that is, his intentions, emotions, and the like—and perhaps for some other purposes, they are ordinarily regarded as hearsay. Such is the case here. The question here is not as to the insured's state of mind when he signed the application for reinstatement, as, for example, whether he acted in honest belief and good faith, if such it can be called, but rather whether he made false statements as to facts from which the insurer could, or probably could, ascertain whether he was insurable. His declarations concerning such matters were hearsay, and, as such, inadmissible. Pluard v. The Maccabees, 304 Ill. 552, 136 N. E. 767; Loving v. Mutual L. Ins. Co. 140 Md. 173, 117 A. 323.

■ As a general rule, the grounds of objection to a tender must be specified by the creditor. Objection upon specified grounds constitutes a waiver of others. Objection to the medium of the tender is waived where it is made upon other grounds. Moulton v. Kolodzik, 97 Minn. 423, 107 N. W. 154, 7 Ann. Cas. 1090; 52 Am. Jur., Tender, § 10. Here, the objection went to the amount of the tender, not the medium thereof. Hence, objection to the latter was waived.

Affirmed.                                                                    I